DUDLEY H. HERSEY and others *vs.* EDGAR C. LONG.

January 3, 1883.

Sale of Chattel with Warranty of Title—Action by Buyer.—Where the vendor of personal property, to which he has no title, covenants to warrant and defend the title against the lawful claims of all persons, and the true owner sues and recovers judgment against the vendee for converting the property, the latter may recover on the covenant without paying the judgment.

Same — Oral Notice to Seller of Suit against Buyer.—The notice required from a defendant in an action involving the title to property to a person not a party, who is bound to defend his title, need not be in writing in order to give between them conclusive effect to a judgment defeat-

ing such defendant's title. It is enough if it clearly apprise the person to whom it is given that an action involving the title has been commenced, and that the defendant giving it looks to him to establish the title in that action.

Defendant sold to plaintiffs certain logs with warranty of title. Subsequently the Lake Superior & Mississippi Railroad Company recovered judgment against plaintiffs, in an action for conversion of the same logs. Plaintiffs then brought this action on the warranty, in the district court for Washington county, alleging in their complaint due notice by them to defendant of the commencement of the action by the railroad company.

The action was tried before R. B. Galusha, Esq., as referee. On the trial defendant offered to show that Gifford & Averill, a partnership engaged in cutting timber, had cut these logs under a permit from the Lake Superior & Mississippi Railroad Company; that the action by the railroad company against plaintiffs arose out of a misunderstanding between it and Gifford & Averill as to the marking of the logs; that Gifford & Averill, by L. R. Cornman, their attorney, had applied to plaintiffs for leave to defend that action for them, but permission to do so was refused them by plaintiffs. On plaintiffs' objection, this evidence was excluded. The referee ordered judgment for plaintiffs, which was entered, and the defendant appealed. Other facts are stated in the opinion.

*Warner & Stevens*, for appellant.

The notice to defendant to defend the action commenced by the Lake Superior & Mississippi Railroad Company was insufficient. It should at least have been in writing. 2 Smith's Lead. Cas. 801; Rawle on Covenants of Title, 221–232; Freeman on Judgments, 181–187; Bigelow on Estoppel, 66; 1 Reeves' Eng. Law, 370; 3 Bracton, 135, (178;) *Littleton* v. *Richardson*, 34 N. H. 179; *Paul* v. *Witman*, 3 Watts & Serg. 407; *Somers* v. *Schmidt*, 24 Wis. 417; *Tuller* v. *Caldwell*, 3 Minn. 67, (117.) Assuming that due notice to defendant to defend was established, the refusal by plaintiffs to allow Gifford & Averill to defend operated to cancel and nullify such notice. *Altschul* v. *Polack*, 55 Cal. 633; *Windsor* v. *McVeigh*, 93 U. S. 274; *Chamberlain* v. *Preble*, 11 Allen, 370.

*Marsh; Searles & Nethaway,* for respondent.

Verbal notice to defendant to defend the action commenced by the railroad company was sufficient. *Robbins* v. *Chicago City*, 4 Wall. 657; *Blasdale* v. *Babcock*, 1 John. 517; *Kip* v. *Brigham*, 6 John. 158; *Chicago City* v. *Robbins*, 2 Black, 418; *Barney* v. *Dewey*, 13 John. 224; *Beers* v. *Pinney*, 12 Wend. 309.

GILFILLAN, C. J. The defendant, by an instrument in writing, sold and delivered certain logs to plaintiff. In the instrument was a covenant on his part "to warrant and defend the title to all of said logs against the lawful claims of any person or persons whomsoever." Afterwards the Lake Superior & Mississippi Railroad Company, claiming to have been the owner of the logs at the time of such sale and delivery, brought an action against these plaintiffs for converting them, and recovered judgment against them therefor, whereupon they brought this action for breach of the covenant. The action appears to have been tried on the theory that, to warrant a recovery on the covenant, the plaintiffs must show that they have paid the judgment recovered by the railroad company, and for that purpose they were permitted on the trial, against the defendant's objection, to introduce the receipt of the attorney for the plaintiff in the action by the railroad company, acknowledging payment by the defendants in the action, these plaintiffs.

The covenant was in effect only a warranty of title, and if the defendant had no title to pass by the instrument of sale, there was technically an instantaneous breach. Some of the cases hold that to justify a recovery of full damages for the breach, where there has been a delivery of the property by the covenantor to the covenantee, there must be, on the part of the true owner, an enforcement of his title against the covenantee amounting to something analogous to an eviction, such as is necessary to constitute a breach of the covenant of warranty in the case of real estate. Assuming this to be the true rule, still, payment of the judgment was not necessary to plaintiff's full recovery on the warranty; for in the case of real estate the rule as to what in law constitutes an eviction is stated thus: Whenever the superior title "is actually asserted against the covenantee, and the premises claimed under it, and the covenantee is obliged to yield

and does yield his claim to such superior title, the covenant to warrant and defend is broken." *Allis* v. *Nininger*, 25 Minn. 525. In that case, neither party being in possession, the land being vacant, the true owner sued the covenantee in ejectment, and recovered judgment, but issued no execution. It was held a sufficient eviction; and well it might be, for the bringing of the action was an assertion of the superior title, and the judgment an enforcement of it, because it effectually terminated the claim of the covenantee. The bringing of the action by the railroad company in this case, and its recovery of judgment, had the same effect. The admission of improper evidence of payment, conceding it to be improper, did no harm, and is not to be regarded.

On the trial the referee admitted proof of the judgment recovered by the railroad company, and evidence, oral and written, that these plaintiffs gave this defendant due notice of the commencement of the action by the railroad company, and held the notice proved by such evidence to be sufficient to make the judgment in that action conclusive on the question of title in this action. This is alleged to be error. It is also alleged as error that the referee excluded evidence offered by defendant to show that the title did pass by the instrument of sale. If the referee's finding of fact and conclusion of law as to the notice were correct, so that the judgment was conclusive between the parties on the question of title, the defendant could have got no benefit from the admission of the evidence so offered. Whether he can claim the exclusion of it as error that prejudiced him, depends, therefore, on the correctness of the decision as to the notice.

The case presents one of the exceptions to the general rule that no one is bound by a judgment unless he be a party to it, or in privity with a party. Where one not a party to an action that involves the title to property is bound to answer to the defendant for the title which he is called on to defend, the latter may call upon the former to defend it in the action; and, in such event, the judgment is conclusive against the third person in favor of such defendant on the question of title. To give this effect to the judgment, notice from the defendant to him of the commencement of the action is absolutely essential. This notice must be clear and explicit, and convey pre-

cise information that, unless the person to whom it is addressed establishes the validity of the title in the first action, he will be estopped by the judgment. *Paul* v. *Witman*, 3 Watts & Serg. 407, 410; *Morrison* v. *Mullin*, 34 Pa. St. 12. But no case has decided that the notice should be in any particular form. In some it is suggested that it would be better if notice in writing were required, but most of the cases assume that, if sufficient in substance, it need not be in writing; and except for facility in proving it, and certainty as to its character, we see no reason why it should be written or formal. If it clearly apprise the person to whom it is given that an action involving the title has been commenced, and that the defendant giving it looks to him to establish the title in that action, the object of notice is accomplished. It then becomes the duty of the person to whom it is given to defend the title for which he is holden to the defendant giving it. There was sufficient evidence to justify the referee's finding of the fact and substance of the notice; and as it was not necessary that it should be formal or in writing, his conclusion that it gave, in this action, conclusive effect to the judgment in the former, was correct.

The plaintiffs were not—certainly unless so directed by defendant—under any duty to turn over the defence of the railroad company's action to Gifford & Averill; for, whatever claim this defendant may have had on those persons in respect to the title, the plaintiffs had none. In respect to the title plaintiffs had no relation with them. And the defendant failed to show any application to plaintiffs by him or in his behalf for leave to defend the former action, or any offer by him or in his behalf to defend it. L. R. Cornman, by whom he attempted to prove it, did not testify that he told plaintiffs that he came on behalf of defendant. His testimony as to his interview with E. S. Brown was therefore immaterial, and the cross-examination of E. S. Brown as to that interview was also wholly immaterial, and so was any error that may have occurred in the course of such cross-examination.

Judgment affirmed.