FRANK J. MACKEY and another *vs.* FREEMAN A. FISHER and another.

January 28, 1887.

Former Judgment—Promise of one Defendant to the other to "take care" of the Suit.—Defendants, in writing, contracted to erect a building for plaintiffs, and to be responsible for any loss or injury to person or property occasioned by their neglect in and about the erection and completion of the same, including basement and areas. Through defendants' neglect, in failing properly to guard an area belonging to the building, one Moran fell into it, and was injured. He thereupon brought suit against plaintiffs and defendants together. Defendants interposed an answer, but plaintiffs, having failed to do so within the time allowed by law, applied for leave to answer after time, but their application was denied. Thereupon Moran dismissed his action as respected defendants; and, plaintiffs' default having been entered, he, upon proper proof of his injuries, recovered judgment against them for $3,000, which sum, with interest, plaintiffs were compelled to pay. This action is brought to recover the amount so paid. There was evidence in the case tending to show that after Moran's action was brought defendants promised and assumed "to take care of" it, and to put in an answer for all parties; and no evidence going to show any obstacle to prevent them from so doing. *Held* that, upon this state of the facts and evidence, the jury were at liberty to find that the defendants were concluded by the judgment in the Moran action.

Appeal by defendants from an order of the district court for Hennepin county, *Lochren,* J., presiding, refusing a new trial.

*Boardman & Ferguson* and *Hart & Brewer,* for appellants.

*Lusk & Bunn,* for respondents.

BERRY, J. Defendants, in writing, contracted to erect a building in Minneapolis for plaintiffs, and to be responsible for any loss or injury to person or property occasioned by their (defendants') neglect in and about the erection and completion of the same, including basement and areas. Through defendants' neglect in failing properly to guard an area belonging to the building, one Moran fell into it, and was injured. Thereupon he brought suit against plaintiffs and de-

fendants together.    Defendants interposed an answer; but plaintiffs, having failed to do so within the time allowed by law, applied to the court for leave to answer after time, but their application was denied. Thereupon Moran dismissed his action as respected defendants; and the default of plaintiffs having been entered, he, upon proper proof of his injuries, recovered judgment against them in the sum of $3,000, which sum, with interest from the date of the judgment, the plaintiffs were accordingly compelled to pay.    This action is brought to recover the amount so paid.

Upon the trial below, plaintiffs introduced evidence which, though disputed by defendants, tended to show that after Moran's action was brought defendants promised and assumed "to take care of" it, and to put in an answer for all parties, and there is no evidence going to show that any obstacle in the way of their so doing was interposed by plaintiffs or any other person.

No exception is taken to any of the instructions given to the jury in the general charge, so that we need not inquire whether they are in all respects accurate, especially with reference to the views expressed by this court in *Hersey* v. *Long*, 30 Minn. 114, (14 N. W. Rep. 508.)

The first error assigned is the admitting of the Moran judgment in evidence, with proof of plaintiffs' payment of the same.    In connection with the testimony that defendants promised and assumed "to take care of" the Moran action, and put in an answer for all parties, the judgment was certainly admissible, whether, independent of that testimony, it was admissible or not; and if, as must be taken to be settled by the verdict, Moran's injuries were occasioned by negligence of defendants, for the consequences of which they were, by their express contract, responsible to plaintiffs, the judgment being *thus* admissible might properly be found conclusive upon defendants, because it might, upon the evidence, properly be found that they had notice of the action in which it was rendered; that they had an unobstructed opportunity to defend it; that they had promised and assumed to defend it; that it failed to be defended because they failed to keep their promise.

The second assignment of error is the refusal to give the jury the following instruction, viz. : "If these plaintiffs assumed and attempted to answer and defend for themselves in the Moran suit against all these parties, and then were guilty of laches in not getting properly into court, so that judgment was taken against them practically by default, the judgment rendered in said action cannot be made the measure of plaintiffs' damages in this action." If, in using the words "assumed and attempted to answer and defend for themselves," this instruction refers to any *agreement or arrangement* between plaintiffs and defendants to this effect, there is no evidence of any such agreement or arrangement, and consequently the instruction, in that meaning, is inapplicable to the case. But if (what is properly suggested by plaintiffs' counsel to be its only permissible meaning) the instruction means that the mere fact that plaintiffs assumed and attempted to answer for themselves, and failed to answer in time, so that they were defaulted, prevents the judgment from concluding defendants, then the instruction was properly refused upon the ground (if upon no other) that it was too narrow. It failed to meet the requirements of the case, because it entirely overlooked the testimony as to the promise and assumption of defendants "to take care of" the Moran action, and to put in an answer for all parties.

Like considerations dispose of the fifth assignment of error, viz., the refusal to instruct the jury that "these plaintiffs cannot recover, in any event, more of these defendants than Moran's injuries are shown at this time to be." If, as we have before seen, the judgment could, upon the evidence, properly be found to be conclusive against defendants, this instruction was, of course, properly refused.

As respects the third and fourth errors assigned, we see no occasion to add anything to what is said by the learned judge below in his memorandum upon the motion for a new trial. This disposes of all the assignments of error except the general one that the court erred in denying defendants' motion for a new trial, as to which it is unnecessary to say more in addition to what we have already said, than that we perceive no reason why the verdict is not fully supported by the evidence. We have only to add that the fact that no exception was taken to the general charge of the court relieves us

from the necessity of considering much of the discussion found in the defendants' brief, to which the plaintiffs' counsel replied only under protest.

Order affirmed.