LYDIA A. REED v. GEORGE M. McGREGOR and Others.[1]

July 10, 1895.

Nos. 9505—(238).

**Bond against Mechanics' Liens—Consideration.**

Action on bond to indemnify plaintiff against mechanics' liens on property conveyed to plaintiff by the principal of the bond upon which the latter was, at the time of the conveyance, erecting a house, which he agreed to finish. One of the considerations for giving the bond was the agreement of plaintiff to pay the purchase money sooner than it was payable according to the terms of the contract. *Held,* that this was a sufficient consideration.

**Same—Release of Sureties.**

There was no agreement or understanding between plaintiff and the principal on the bond, or between plaintiff and the sureties, that she should retain the purchase money, and apply it to the payment of mechanics' liens; and, so far as appears, it was all paid to the vendor before any lien claims were asserted against the property, and before plaintiff knew that any such would be asserted. *Held,* that the sureties were not released by the fact that plaintiff thus paid over the purchase money to the vendor.

**Same—Failure of Another to Execute as Surety.**

When the bond was presented to G. for execution as surety, the name of P. was written in the body of the bond as cosurety. The principal in the bond informed G. that P. would sign it, and when G. executed the bond he expected that P. would do so; but there was no agreement that P. should sign it; neither was the delivery of the bond by G. conditioned that it should not become operative until P. executed it. *Held,* that G. was liable on the bond, although P. never executed it, and another person executed it as cosurety.

**Same—Judgment in Lien Suit—Estoppel of Surety.**

When the lien claimants commenced suit against the plaintiff and her vendor (the principal in the bond) to enforce their liens against the property, plaintiff informed G. of the suit, whereupon G. informed her that he would attend to the suit, and that she need give it no attention. He then interposed an answer for her, and conducted the defense of the suit as attorney for her, and also for his principal. *Held,* that in action on the bond the judgment in the lien suit was conclusive against G.

[1] Reported in 64 N. W. 88.

Action in the district court for Hennepin county. The court, Hicks, J., found in favor of plaintiff, and ordered judgment in her favor for $1,060. From an order denying a motion for a new trial defendant Gaylord appealed. Affirmed.

The bond referred to in the opinion was as follows:

"Know all men by these presents, that George M. McGregor, as principal, and Edmond Palmer, Edson S. Gaylord, and George B. Hush, as sureties, are held and firmly bound unto Lydia A. Reed in the sum of one thousand five hundred ($1,500.00) dollars lawful money of the United States of America, to be paid to the said Lydia A. Reed, her executors, administrators or assigns: for which payment well and truly to be made, we bind ourselves, our heirs, executors and administrators firmly by these presents. Sealed with our seal and dated the sixth day of May one thousand eight hundred and ninety one.

"The condition of the above obligation is such, whereas, said George M. McGregor is constructing and completing certain buildings and improvements upon all of lot numbered four (4) of Woodburn's addition, except the south two and forty-four one-hundredths (2 44/100) feet thereof according to the plat thereof now on file and of record in the office of the register of deeds within and for said Hennepin county, Minnesota, and in consideration of one dollar in hand paid, the receipt whereof is hereby acknowledged, said principal above named agreed to indemnify said Lydia A. Reed against any loss or expense on account of mechanics', laborers', or material men's liens being filed or enforced against said property: Now, therefore, if the said principal above named shall well and truly pay for all labor performed and materials furnished in and about the construction and erection of any and all buildings or improvements on the above-described premises, and shall pay or cause to be paid each and every claim for such labor and such material, and shall complete said improvements according to the plans and specifications and the contract between the said principal and said Lydia A. Reed, and to do all of said work or at least have the house in readiness for occupancy on or before the 15th day of May, 1891, then the above obligation to be void, otherwise to remain in full force and virtue.                    George M. McGregor.
                                        "Edson S. Gaylord.
                                        "George B. Hush."

*Little & Nunn* and *E. S. Gaylord*, for appellant.
*Peterson & Kolliner*, for respondent.

MITCHELL, J.   This was an action on a bond executed by defendant McGregor, as principal, and the defendant Gaylord and another, as sureties, to the plaintiff, to indemnify her against mechanics' liens on premises which McGregor conveyed to plaintiff, and upon which a building was in process of erection by him.

To fully understand the situation, as well as the conditions of the bond, it is necessary to state that some time previously McGregor had entered into a contract with plaintiff's husband, Ira S. Reed, for the sale of the same property.   This is the contract referred to in the bond in suit.   The material provisions of this contract were that McGregor agreed to sell and convey the property to Reed, and complete the building then in process of construction, for the consideration of $8,500.   Of this amount $100 was paid in cash, $2,-900 was to be paid on completion of the building, when the deed was to be delivered, and $1,500 in a year from the date of the contract, for which Reed was to give McGregor his note.   The contract is silent as to the remaining $4,000, but it seems to be agreed on all hands that Reed was to assume a mortgage on the premises to the Connecticut Mutual Life Insurance Company for that amount. Before the house was completed, McGregor, with the consent of Reed, sold and conveyed the premises, subject to this $4,000 mortgage, by warranty deed, to the plaintiff, for the same consideration stipulated in the contract with her husband.   It is evident that this conveyance was made and accepted as and in lieu of performance of the contract to convey to Reed (which, to that extent, and only to that extent, was merged in the deed), and that it was the understanding and agreement between plaintiff and McGregor that the latter was to complete the building for her in accordance with his contract with Reed.

At this time plaintiff had not paid, but still retained in her hands, the $4,400 purchase money, no part of which was payable, according to the contract, until the house was completed, and $1,500 not until a year after the date of that contract.   McGregor, however, needed the money sooner than it was due according to the contract. In consideration of plaintiff's agreement to pay him the money sooner than it was due, and without reference to the terms of the

contract, McGregor gave her the bond in suit, to indemnify her against mechanics' liens on the property, growing out of the construction of the house referred to. This statement is all that need be said in reply to defendants' point that there was no consideration for this bond. The trial court does not, in so many words, find that plaintiff paid to McGregor the full amount of the purchase money, but we construe the third finding as equivalent to that; and, notwithstanding counsel's claim to the contrary, we think the uncontradicted evidence is to that effect.

All that need be said in answer to the contention that the sureties on the bond are released because plaintiff paid the money to McGregor sooner than provided in the contract, and because she did. not retain it, and apply it in payment of the mechanics' liens, is that the very purpose of giving the bond was to accelerate the time of payment of the purchase money; also that there was no agreement between plaintiff or her husband and McGregor, or between them and the sureties, that the purchase money should be so retained and applied; neither was there any evidence that any of it was paid over after any of the liens had been filed, or after plaintiff knew that they would be filed. Pearl St. Society v. Imlay, 23 Conn. 10; Brandt, Suretyship, § 430.

When the defendant Gaylord signed the bond as surety, the name of one Palmer was written in the body of the bond as cosurety, and the court finds that McGregor told Gaylord that Palmer would sign it, and that when Gaylord executed he believed and expected that Palmer would do so. Palmer never did sign the bond, but one Hush executed it as cosurety with Gaylord. It is claimed upon these facts that Gaylord is not liable on the bond. But the court also finds—and this is amply supported by the evidence—that there was no agreement between plaintiff and Gaylord that Palmer should sign the bond, nor was the bond delivered by Gaylord on any condition that it should not become operative until it was signed by Palmer. In fact the record shows that both Gaylord and Hush acknowledged the execution of the bond and justified on the same date, and before the same notary; and the evidence is that Gaylord himself delivered the bond to plaintiff's agent. The point is not well taken. Whitaker v. Richards, 134 Pa. St. 191, 19 Atl. 501; Guild v. Thomas, 54 Ala. 414, 25 Am. Rep. 703–710, note.

It is also contended that there was no sufficient evidence of the existence of any mechanics' liens on the premises, or that plaintiff has ever paid them off.    The evidence is plenary that plaintiff has paid off judgments for mechanics' liens on the property to the full amount of her recovery.    One of these lien claimants brought suit to enforce his lien, in which he made plaintiff, McGregor, and all the other lien claimants parties defendant.    When this suit was brought, plaintiff, by her husband (who was her agent), notified Gaylord of it, whereupon Gaylord promised to attend to it, and informed plaintiff's agent that he need not give it any attention. He then interposed an answer for plaintiff, and appeared and acted on the trial as attorney for both plaintiff and McGregor.    Upon this state of facts the judgments in the action in favor of the lien claimants are conclusive against Gaylord.    Hersey v. Long, 30 Minn. 114, 14 N. W. 508;  Mackey v. Fisher, 36 Minn. 347, 31 N. W. 363.    But this is not all.    In order to establish her cause of action against the cosurety Hush, the plaintiff introduced original evidence of all these liens.    So far as we can discover, this evidence was sufficient to establish plaintiff's cause of action, even if the judgments in the lien suit had not been introduced.    Counsel makes the point that it appears from the findings of the court that one of the lien claimants did not file his statement in time.    But this is manifestly a clerical error of the judge in stating that the last item of material was furnished on the 13th of the month, instead of the 30th.    The undisputed evidence is that it was on the 30th.    This disposes of all there is of any substance in counsel's numerous assignments of error.

    Order affirmed.