WALTER THURBER *vs.* HALLIS N. SMITH.

PROVIDENCE—MARCH 2, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Contracts. Offer. Acceptance. Withdrawal of Offer.*

A. being indebted to B. on a mortgage note for $200, B. wrote A. August 1, "I am willing to allow you $20 discount if you can raise the money or find somebody else to take it up *this month.*" August 8, A. replied, by letter, "I would like to accept the offer, and expect to have the money for it in about two weeks." August 21, B. notified A., by letter, that he had sold the mortgage for its face. August 30, A. went to B. and offered to pay the $180, but made no formal tender:—

*Held,* that the payment of the money before it was due was a good consideration for the contract.

*Held,* further, that the purpose and effect of B.'s letter of August 21 was a revocation of his offer.

*Held,* further, that the terms of the letter of A. of August 8 were ambiguous, and hence there was no acceptance of the offer.

ASSUMPSIT. Heard on defendant's exceptions to ruling of District Court, and judgment for defendant.

STINESS, C. J. The plaintiff gave a mortgage to the defendant for $200.00, due March 19, 1902. August 1, 1901, the defendant wrote to the plaintiff as follows:

"PROVIDENCE, R. I., August 1, 1901.

"*Walter Thurber:*

"DEAR SIR:

"Your mtge. calls for interest less than I generally get, and knowing I can let the money out to better advantage if I could get it in, I am willing to allow you $20 discount, if you can raise the money or find somebody else to take it up *this month.* I have offered this same com. elsewhere, and give you the same opportunity.

"Very truly,

"H. N. SMITH."

The plaintiff replied on the 8th day of August, A. D. 1901,

by letter: "I would like to accept the offer, and expect to have the money for it in about two weeks."

August 21, 1901, the defendant notified the, plaintiff, by letter, that he had sold the mortgage for its face.

August 30, 1901, the plaintiff went to the defendant and offered to pay the $180.00, but made no formal tender of that sum.

(1) Upon these facts the court ruled that there was consideration for a contract in obtaining the $180.00 before it was due; that the letter of August 8 was not such an acceptance by the plaintiff that the defendant could sue for its breach, and therefore not a technical acceptance; that the defendant's notice of a sale of the mortgage to a third party did not act as a withdrawal of the offer; that the offer was open on August 30; that the plaintiff's statement on that day was an acceptance, and that the statement of the defendant that he had sold the mortgage and that it was too late to accept the offer to take it up was a waiver of objection to the form of tender.

The defendant took exception to these rulings, except that on the letter of August 8, and the court gave judgment for the plaintiff in the sum of $32.00.

It is an elementary principle that the payment of money before it is due is a good consideration for a contract. *Righter v. Stall*, 3 Sandf. Ch. (N. Y.) 608; *Reed v. McGregor*, 62 Minn. 94; *Bowker v. Childs*, 3 Allen (Mass.), 434. The latter decision quoted from Pinnel's case, 5 Coke, 117, as follows: "In the case at bar it was resolved that the payment and acceptance of parcel before the day, in satisfaction of the whole, would be a good satisfaction in regard of circumstances of time; for, peradventure, parcel of it before the day would be more beneficial to him than the whole at the day, and the value of the satisfaction is not material."

This is exactly the consideration set forth in the defendant's letter of August 1, 1901.

The exception to the ruling of the court below as to consideration of the contract is overruled.

The court also ruled that the notice of a sale of the mortgage operated as a waiver of objection to the form of tender.

The defendant's letter was express notice that he no longer had the mortgage to deliver. His statement to the plaintiff, on August 30, that it was "too late to accept Mr. Thurber's offer to take up the mortgage," was an express declination to perform the offer, and this would excuse the plaintiff from making a tender. *Bicknall* v. *Waterman*, 5 R. I. 43; *Lee* v. *Stone*, 21 R. I. 123; *Holmes* v. *Holmes*, 9 Seld. N. Y. 525; *Lake Shore* v. *Richards*, 152 Ill. 59.

The ruling that the offer was still open on August 30, when the plaintiff offered to pay the $180.00, was, in our opinion, erroneous. The court must have held that there was no withdrawal because the notice did not make an express statement to that effect. Such a construction of the letter is too strict. The letter must be taken as it would ordinarily be understood in business affairs. It is possible to infer that, although the defendant had sold the mortgage, he might be able to buy it back again and so comply with his offer; still, this would not be the natural construction. If A. offers to sell a horse to B. within ten days, and, before the offer is accepted, notifies B. that he has sold the horse, we can hardly conceive that this would not be regarded as a revocation of the offer. The fact of a sale would show that the person giving the notice no longer had the power to carry out the offer. If such was not the purpose of the notice, it would be meaningless. We think that its purpose and effect was a revocation of the defendant's offer.

If this be so, judgment should have been for the defendant; for, before acceptance, he had the right to withdraw his offer.

The ruling that the plaintiff's letter was not an acceptance was not excepted to by the defendant, being in his favor, and is not before us on exception.

It is proper to add, however, for further proceedings in this case, that we think that this ruling was correct.

The letter did not accept the offer expressly or impliedly. The words "I would like to accept," and "expect to have the money for it in about two weeks," imply a willingness to accept, but a doubt as to ability. Suppose, upon the ground of a completed contract for earlier payment, the defendant had sought to foreclose his mortgage or to sue upon the note. The

plaintiff could have urged, with much force, that he had not accepted the offer, but had simply expressed a desire to do so.

An acceptance of an offer must be definite, unambiguous, and unqualified; such as to complete a contract.

In *Martin* v. *Northwestern Co.*, 22 Fed. Rep. 596, an offer of coal upon specified terms was replied to as follows: "Telegram received. You can consider the coal sold. Will be in Cleveland and arrange particulars next week." This was much more definite than the letter in this case, but it was held that there was no definite contract and acceptance thereof. Brewer, J., said: "It is not 'I accept your offer,' but 'You may consider the coal sold.' It is not, perhaps, a natural expression when a definite acceptance of an offer is intended. It is more equivalent to this: 'There is so little to be settled, and I am so sure that all can be arranged, that you are safe in looking at the sale as closed and prepare to make your arrangements accordingly.'"

In *Potts* v. *Whitehead*, 23 N. J. Eq. 512, to an offer to sell land the reply was: "Have twice attempted the tender of the first payment of $500 upon the agreement made between us on the 7th December last. I will meet you, etc., when I shall be ready to make tender of the money and execute the proper agreements thereupon."

It was held that this letter was not, either in terms or substantially, an acceptance of an offer and concluded no contract.

In *Myers* v. *Smith*, 48 Barb. (N. Y.) 614, an offer of malt "*delivered* on boat" was accepted as "*deliverable* on boat," and it was held that this was not an acceptance of the offer.

In *Havens* v. *American Co.*, 11 Ind. App. 315, the words "I am prepared to make the arrangement with you" was held not to be an unqualified and unequivocal acceptance.

In *Carr* v. *Duvall*, 14 Pet. 77, the rule is stated that if it be doubtful whether an agreement has been concluded, or is a mere negotiation, chancery will not decree a specified performance.

In *Hutchison* v. *Bowker*, 5 M. & W. 534, an offer was made of a quantity of good barley, with terms stated. The reply was: "Of such offer we accept, expecting you will give us fine

barley and full weight." The jury found that there was a distinction in the trade between *good* and *fine* barley, but that it was not applied in the letter in that particular sense. The court held that the meaning was ambiguous, and hence no acceptance. See also *Isham* v. *Therasson,* 53 N. J. Eq. 10; *Marshall* v. *Eisen,* 7 N. Y. Misc. 674.

We think the terms of the letter in the case at bar were ambiguous, and so no acceptance; from which it follows that the defendant had the right to revoke his offer, which he did by his notice of sale of the mortgage, and therefore judgment should have been for the defendant.

Exceptions sustained, and case remitted to the Sixth District Court with direction to enter judgment for the defendant.