WILLIAM HENDRICKS v. GEORGE F. DEAN.[1]

July 24, 1908.

Nos. 15,727—(202).

**Grantor Defending an Action against Grantee—Liability to Plaintiff.**

A grantor of real property, who, though not a party thereto, but to protect himself from liability under the covenants of his conveyance, defends an action brought by a third person against his grantee to recover the property and damages for its wrongful detention, is not personally liable to the plaintiff therein for the payment of the judgment.

**Same.**

Having conducted the litigation, though not a party, he would be bound by the judgment, but his personal obligation to pay and discharge it extends only to his grantee.

Appeal by defendant from that part of an order of the municipal court of Minneapolis, Charles L. Smith, J., which overruled a demurrer to plaintiff's first cause of action. Reversed.

, *James E. O'Brien,* for appellant.

*Edwin C. Garrigues,* for respondent.

BROWN, J.

Appeal from an order overruling defendant's general demurrer to plaintiff's complaint. The complaint contains three separate causes of action; the sufficiency of the first only being involved on the appeal.

The complaint sets out the following facts: Some time in February, 1899, defendant, claiming to be the owner thereof, leased certain real property to one Rasmus Johnson. The contract of lease was in writing, and contained covenants by defendant to the effect that he had the right to lease the property, and that Johnson, the lessee, should quietly enjoy and possess the same during the term of the tenancy. It further alleges that in May, 1905, and while Johnson was still holding the property under the lease, the Minnesota Debenture Company, a corporation, claiming to own it, brought an action against him to recover possession of the same and for damages for the use and occupation thereof from the date on which he took possession under the

[1] Reported in 117 N. W. 426.

lease from defendant. The complaint also alleges that that action was brought to trial and resulted in a judgment confirming the debenture company's title, and awarding to it, against Johnson, the sum of $277.-40 for the use and occupation of the property and costs of suit.

The judgment was thereafter assigned to plaintiff herein, and he brought this action to recover the amount thereof against Dean, on the theory that, as Dean was under legal obligation to Johnson to defend the action in which the judgment was rendered to protect himself from liability on his covenants, he is liable for the payment thereof, though not a party to the record. The complaint alleges on this subject that, when the debenture company brought that action against Johnson, Dean was notified thereof and undertook to and did conduct the defense, employing counsel, paying costs, and relieving Johnson wholly from responsibility in that behalf.

Though the plaintiff is the owner of the judgment against Johnson, the complaint shows no right to recover thereon against Dean, defendant in this action. Whatever duty Dean owes respecting the payment of the judgment, he owes to Johnson, to whose rights plaintiff does not claim to have succeeded. Dean was not a party to the former action, and, though he conducted the defense to protect himself from liability for a breach of his covenants to Johnson, it cannot be said that he thereby personally obligated himself to plaintiff therein to pay and discharge whatever judgment might be recovered against Johnson. He is, under the authorities, no doubt bound by the judgment—i. e., estopped from questioning its validity (Schroeder v. Lahrman, 26 Minn. 87, 1 N. W. 801); but his obligation to pay the damages awarded extends only to his covenantee, Johnson. Had Johnson brought this action, or had plaintiff succeeded to Johnson's rights, the case of Reed v. McGregor, 62 Minn. 94, 64 N. W. 88, cited by plaintiff, would sustain plaintiff's right to recover. But, inasmuch as the complaint fails to show that plaintiff has succeeded to the rights of Johnson, no cause of action is stated against Dean. For aught that appears, Dean may have settled the whole matter with Johnson.

The order appealed from is reversed.