[No. 7556.   Decided April 17, 1909.]

OTTO LEIENDECKER, *Appellant*, v. AETNA INDEMNITY
COMPANY, *Respondent.*[1]

PRINCIPAL AND SURETY—INDEMNITY BONDS—BUILDING CONTRACT—
ACTION ON BOND—DEFENSES—PAYMENT BEFORE COMPLETION OF WORK—
TERMS OF CONTRACT.  It is no defense to an action on an indemnity
bond guaranteeing a building contract, that payment for the work
was made before the same was commenced, where no time was men-
tioned in the contract, and a provision that payment was, in legal
contemplation, to be made on completion of the work cannot be read
into the contract.

SAME—FRAUD—STIPULATION IN BOND REQUIRING NOTICE OF PAY-
MENT.  It is a fraud upon the surety company vitiating an indemnity
bond guaranteeing a building contract, for the obligee to pay the
contractor in full before the work is commenced, without notice to
the surety, although the contract mentioned no time for payment,
where the bond provided that the obligee shall "retain the last pay-
ment and reserve due said principal" until the work is complete and
time for filing liens had expired and shall notify the surety in
writing before the last payment shall be made or reserve paid.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered January 31, 1908, upon granting
a nonsuit, after a trial before the court without a jury, in
an action upon an indemnity bond.   Affirmed.

*Tom Alderson* and *Guie & Guie*, for appellant.
*Peters & Powell*, for respondent.

DUNBAR, J.—On the 12th of October, 1906, plaintiff en-
tered into a written contract with the defendant Harry B.
Spear, doing business as Spear & Co., whereby Spear, in con-
sideration of the sum of $7,000, agreed to build an apartment
house and to do certain other work for plaintiff on real prop-
erty belonging to plaintiff, in the city of Seattle.   This was a
written contract, which we will not set forth here, but which
embodied the agreement we have mentioned.   At the time the

[1]Reported in 101 Pac. 219.

contract was entered into, it was agreed orally between plaintiff and Spear that the payment of $7,000 for the aforesaid work should be made by the conveyance by plaintiff to Spear of a Seattle tide land lot, which lot was conveyed on the 13th day of October by plaintiff to Spear, in full satisfaction, and in liquidation, of the contract price agreed by him to be paid to Spear as aforesaid.

Prior to the execution of the said contract, plaintiff demanded of Spear a bond of insurance for the faithful performance of the contract, which Spear agreed to furnish, and in consideration of such promise the said building contract was executed. On the 9th day of November, 1906, Spear furnished plaintiff with such bond in the sum of $7,000, with the defendant the Aetna Indemnity Company as surety or guarantor thereon. Spear worked but a short time on the building, when he voluntarily abandoned his contract, and neglected to pay for any labor or material used in the construction so far as he carried it. The defendant the Aetna Indemnity Company was duly notified of Spear's abandonment, but neglected and refused to exercise its option to complete the building as provided in the bond. By reason of Spear's abandonment, certain liens for material were filed against the building, which the plaintiff had to pay, and he brought this action against the contractor Spear and the indemnity company to recover the damages alleged. Spear did not answer, the only party being the Aetna Indemnity Company, which denied the allegations of the complaint and denied liability under the bond. Upon the trial of the action, after the plaintiff had introduced his proof, defendant the Aetna Indemnity Company moved for judgment of nonsuit, which was granted by the court. Judgment was entered, and appeal followed.

The court found the parol agreement in relation to the liquidation of the contract by the sale of the lot mentioned above; that Spear had agreed to furnish said bond, and did furnish the same through the respondent, the Aetna In-

demnity Company. This bond is too long to be reproduced here, but it is the ordinary bond in such cases. \ The contention of the respondent is that there was a change made in the contract which releases the guarantor from any liability, viz., that the contract, in legal contemplation, provided for the payment for the buildings when the labor was completed, and that in fact the contract price had been paid before the building was commenced. It is the contention of the respondent that the law reads into contracts of this kind, where no time is mentioned for payment, the stipulation that the payment is to be made upon completion of the work, and it cites several cases to sustain that contention.

An examination of those cases satisfies us that they are not applicable to this kind of a case. They are all cases between the contractor and the builder or laborer, and no guarantor's rights are involved in any of them; and the rule as laid down by those cases would have to be extended to hold with respondent's contention in this regard. It is a dangerous thing to read too many things into a contract that are not placed in the contract by the parties to it. Of course, it is the universal law that the statutes and laws governing citizens in a state are presumed to be incorporated in contracts made by such citizens, because the presumption is that the contracting parties know the law. But this is altogether a different proposition from reading into a contract conditions which are not a part of the law of the country, and are not necessarily within the contemplation of the parties to the contract when the same is executed. The appellant, on the other hand, cites two cases, viz., *Reed v. McGregor*, 62 Minn. 94, 64 N. W. 88, and *Miller v. Eccles*, 155 Pa. St. 36, 25 Atl. 776, where the rule is squarely announced that, if a building contract providing for a round sum does not stipulate for the time when payment shall be made, the guarantor of the contract is not discharged by the owner making payments to the contractor as the work progresses and before it is completed.

But there is another proposition which, it seems to us, is fatal to appellant's right to recover in this case. The bond which was given to appellant by the respondent, among other things, provides as follows:

"The said obligee shall retain the last payment and reserve due said principal until the complete performance by said principal of all the terms, covenants and conditions of the contract on said principal's part to be performed, and until the expiration of the time within which liens or notices of liens may be filed, by reason of anything done in or towards the performance of said contract, and until the cancellation and discharge of such liens, if any, and said surety shall be notified in writing before said last payment shall be made or said reserve paid."

There was a contractual relation existing by reason of this bond between the indemnity company and the appellant. This provision was accepted by the appellant when he accepted the bond as a specification of his duties in the premises; and it seems to us that it was a fraud upon the indemnity company to neglect to notify it that a payment had been made which was not disclosed in the contract upon which the bond was given, and the making of which rendered unavailing the provision in the bond just quoted. Having accepted the bond with a provision of this kind, we think the appellant is bound by such provision.

The judgment will therefore be affirmed.

CROW, MOUNT, CHADWICK, GOSE, and FULLERTON, JJ., concur.

PARKER and MORRIS, JJ., took no part.