THEODORE E. HART, Appellant, *v.* HIRAM J. MESSENGER et al., Respondents.

Defendant M. purchased of plaintiff an individual bank, and he, with the other defendants as his sureties, executed to plaintiff a bond of indemnity from all claims of every kind against said bank. Prior to the transfer, certain depositors had received a promissory note to the amount of their claims against the bank, and the accounts had been balanced and closed upon the books of the bank. The note not being paid at maturity, the depositors offered to return it, and demanded payment of their respective accounts, claiming, among other things, that they had been induced to take the note by fraudulent representations of plaintiff. This state of affairs, plaintiff testified, was known to M. at the time of the transfer and giving the bond. Subsequently plaintiff was sued for the amount of the deposit balances due at the time of the receipt of the note. M., upon notice, employed counsel and defended the action; but the plaintiff in that action recovered judgment, which the plaintiff here paid. In a suit brought upon the bond, — *Held*,

1st. That, whether the judgment in the action against plaintiff, was recovered on the ground that the note was received by the depositors as conditional payment only, or that it was received as payment, but the agreement was rescinded on account of the fraud of plaintiff, in either view the case was brought within the letter and plain intention of the bond.

2d. That, if M. had knowledge of these outstanding claims, plaintiff was not concluded by the bank books; that the evidence offered was sufficient to require the submission of the question of knowledge to a jury; and a nonsuit was, therefore, error.

3d. That the rejection of testimony offered by plaintiff, tending to show M. had such knowledge, was error.

(Submitted June 21, 1871; decided September 2, 1871.)

APPEAL from judgment entered in Ontario county upon order of the late General Term of the seventh judicial district, denying motion for new trial and directing judgment for defendant on verdict. (Reported below in 2 Lansing, 446.)

This action was brought upon a bond given by the defendants to plaintiff upon the purchase by defendant, Messenger, of plaintiff's interest in the bank of Canandaigua. The condition of the bond was, at all times, to keep "the said Hart clear from all liabilities, and save him, the said Hart, harmless from all claims, whatsoever, against the said bank of Canandaigua, both of bills or notes of said bank deposits and liabilities of all kinds." The bank of Canandaigua was an individual bank, established by the plaintiff and one John Mosher in 1854, under the banking laws of the State, and was owned and conducted by them until 1856, at which time William Curtis, acquired the interest of Mosher in the bank and became a partner of the plaintiff therein, and they conducted the banking business as such for a time, and then Curtis transferred his interest to the plaintiff, who individually, carried on the business until December, 1857, when he transferred an equal share to the defendant, Messenger, and they carried on the business as partners until 1863, when the plaintiff sold his remaining interest in the bank to him, and took the bond in question from him, and the other defendants as his sureties, as a part of the consideration of such transfer. During the time the business was conducted by the plaintiff and Curtis. Bushfield and several others kept an account with the bank, making deposits therein, and balances became due to them from the bank. These parties requested payment of the balances respectively due them; and the money not being paid, received from the bank a note made by one Shaffer, indorsed by another person, amounting to a sum sufficient to cancel the debt of the bank to them; and the note was charged in such portions to each as to balance the account of each, and the account closed. The Shaffer note not being paid at maturity, the parties who had received it, offered to return it to the bank, and demanded payment of the balance

of their respective accounts, alleging, among other things, that they had been induced to take the note by fraudulent representations of the plaintiff and Curtis. The bank refused to receive the note and to pay the balance. This was the situation of the affair, when Messenger first became interested in the bank, the latter claiming that the balances had been paid and satisfied by the Shaffer note; and the other parties denying that they had been paid, and insisted that the bank was still liable to them for the amount. The affair was in this situation, when the bond in suit was given to the plaintiff.

After the bond was given the other depositors assigned their claims to Bushfield; and after his decease his representative commenced an action against the plaintiff and Curtis, to recover the amount of the balances due at the time of the receipt of the Sheffer note. The plaintiff gave notice of the commencement of the action to Messenger, and he employed counsel and defended the action. The plaintiff in such action recovered judgment therein, which upon the refusal of the defendant to pay, was paid by the plaintiff.

Upon the trial plaintiff testified that Messenger, before the transfer and the giving of the bond knew of the claims; and that the parties owning them alleged, they were false representations made as to the responsibility of the maker of the note, and that a compromise of the claims was talked of.

The plaintiff offered to prove by other witnesses, that in the presence of Mr. Messenger, while he and the plaintiff were partners, these depositors and their agents offered to rescind the payment by the Sheffer notes, on the ground such notes had been turned out as good, but were utterly worthless, and demanded payment of their deposits; and that the nature of the claims, and the facts relating thereto, and the liability of the bank to the depositors, were frequently talked over between Hart and Messenger before the giving of the bond; that Hart claimed he thought the notes were good when he turned them out; that the notes were offered to the defendants on the Bushfield trial.

This evidence and every part thereof was objected to by

the defendants' counsel.  The objection was sustained by the court, and the plaintiff's counsel then and there excepted.

The court ordered a nonsuit, and directed the exceptions to be heard at first instance at General Term.

*E. G. Lapham*, for appellant.  Notice to Messenger, and his assuming the defence, charged all the defendants. (*Fay* v. *Ames*, 44 Barb., 327.)  Plaintiff was not bound to make any defence to the action against him and Antis. (*Chase* v. *Hinman*, 8 Wend., 452.)  Plaintiff's remedy is by action on the bond, and not for money paid. (Principal and Surety, 170; 2 Term Rep., 100; 8 Johns., 249.)  Plaintiff was entitled to recover, on his liability being fixed by the judgment against him, without payment.  (15 Wend., 503; 40 Barb., 235; id., 449; 1 N. Y., 550.)

*H. O. Chesebro*, for respondent.

GROVER, J.  The bond given by the defendants to the plaintiff was conditioned, among other things, to save the plaintiff harmless and keep him clear from all liability for deposits made in the Bank of Canandaigua.  The bank was an individual bank, and the plaintiff, from its commencement, having either been a partner or sole owner, was liable personally, either solely or jointly with his partner for the time, for all money due and owing to the depositors of the bank.  It was the intention of the bond to protect the plaintiff against this liability, and the plaintiff received it for that purpose. The complaint in the action of Sarah Bushfield, executrix, against the plaintiff and William Antis, and the other proceedings in that action, which were given in evidence upon the trial of the present action, show that that action was brought, to recover money due to plaintiff's testator and to others who had assigned their demands to her, for money deposited in the bank while owned by the plaintiff and Antis.  The contest upon that trial was, whether the deposits were paid in the note of Sheffer, the defendants therein

insisting that the note was received as payment, and that Messenger and Antis were free from fraud in the transaction, while the plaintiff insisted that the defendants therein, had warranted that the note was good and would be paid at maturity, and that it was taken conditionally as payment in case it was paid by the parties liable thereon, and further, that the defendants made fraudulent representations in regard to the solvency of the maker and indorser, to induce the testator and the others to take the note, upon the discovery of which and of the notes being worthless, they tendered the note to the defendants and demanded payment of the money due to them respectively. The jury, by their verdict for the plaintiff, found one or the other of these positions to be true. The defendant Messenger, having had notice and assumed the defence of the action, was concluded by this verdict. Upon either assumption, the deposits claimed by Mrs. Bushnell had not been paid. If the note was received as a conditional payment, in case it was paid, it clearly was not a payment, as there was no pretence that the note, or any part of it, had ever been paid. If received as an absolute payment, and the parties were induced so to receive it by the fraudulent representations of Messenger and Antis as to the solvency of the parties liable for its payment, the parties so receiving it had the right, upon discovering the fraud, to return or tender the note, rescind the agreement, and recover the money due them as depositors. This tender of the note was made, and the jury have found, either that an agreement was made to receive the note as payment, which was rescinded for the fraud of plaintiff and Antis, or that it was received as conditional payment only. In either case the deposits had not been paid, and the plaintiff was liable for such payment, which he had been compelled to make by the judgment of the court. The plaintiff thus brought his case directly within the letter and plain intention of the bond; and in the absence of further proof, a right of recovery thereon was established. But the court upon trial assumed, and the assumption appears to have been warranted, that books were kept by the bank show-

ing the amount of circulating notes outstanding, and all liabilities for unpaid deposits. That these books were regarded as representations of the plaintiff of the sums due depositors, and that the plaintiff could not, therefore, recover for such liabilities not appearing upon the books or otherwise made known to the plaintiff. This conclusion was correct. The representation of the plaintiff as to what were the liabilities to depositors, when acted upon by Messenger by giving the bond, would estop the plaintiff from showing that there were further liabilities of the same character. The books of the bank showed that the deposits in question had been paid in the Sheffer note, and that nothing was due thereon. Thus a defence in the absence of further proof was established. The question is, whether the additional proof given by the plaintiff was a sufficient answer to it, or created such a doubt as to the truth of any material fact, upon which it was based, as to require the submission of the question to the jury. The plaintiff, among other things, testified that the claims embraced in the action of Bushnell against him and Antis, were made to him in Messenger's presence. That he knew what the nature of the claims was and how they arose. We talked the matter over together before the execution of the bond by the defendants. This witness further testified, that the parties all came to the bank and demanded their money ; and it was well understood that these claims existed when I sold out to Messenger. He and I talked of compromising the claims before the bond was given. The evidence was sufficient to require the submission to the jury of the question, whether the plaintiff did or did not know that the claims for unpaid deposits, upon which the Bushnell judgment was subsequently recovered existed, and were insisted upon at the time of giving the bond, notwithstanding they appeared by the books to have been paid. This was corroborated by the fact of Messenger's assuming, without question, the defence of the Bushnell suit, upon being served with notice of its commencement. We have seen that the bond included all liabilities for unpaid deposits. There was no evidence showing that Messenger

acted in giving the bond upon the representation of the plaintiff, that these claims for unpaid deposits, though insisted upon, had in fact, no existence. The plaintiff was not, therefore, estopped from proving that they were not only made, but were well founded. This was proved by the judgment. The learned judge erred in nonsuiting the plaintiff. He also erred in rejecting the testimony of witnesses offered by the plaintiff tending to show that Messenger knew the facts in regard to these claims, and the grounds upon which they were based prior to giving the bond. It appears, from the prevailing opinion given at the General Term, that that court affirmed the judgment upon the ground, that the Bushnell judgment was for damages sustained by the fraudulent representations of Messenger and Antis, as to the solvency of the parties liable for the payment of the Sheffer note, and that the bond did not include damages sustained from frauds practiced by Messenger and Antis. The conclusion was correct. The error was in the premises. The judgment was recovered for unpaid deposits. The evidence of fraudulent representations was given not as a basis for damages, but to show that by reason of the fraud, the agreement to receive and the receipt of the note did not effect the payment of the money deposited. The judgment appealed from must be reversed and a new trial ordered, costs to abide event.

All concur save FOLGER, J., not voting.

Judgment reversed.