Losse, Appellant, vs. Peoria Cordage Company, Respond-
ent.

*December 2—December 16, 1902.*

*Contracts: Evidence: Appeal and error: Direction of verdict.*

In an action for damages for breach of an alleged contract of sale
of binding twine, it is not error to direct a verdict for defendant
where the evidence shows that neither quantity, quality or
price of the twine was ever definitely- agreed upon.

Appeal from a judgment of the superior court of Milwau-
kee county: Orren T. Williams, Judge. *Affirmed.*

For the appellant there was a brief by *Turner, Pease &
Turner,* and oral argument by *W. J. Turner.*

For the respondent there was a brief by *John F. Burke,*
attorney, and *Harrison S. Green,* of counsel, and oral argu-
ment by *Mr. Green.*

Winslow, J.   The plaintiff is a merchant engaged in the
mail-order business in Milwaukee, and brought this action
against the defendant to recover damages for alleged breach
of contract.   The plaintiff's claim was that in December,
1897, he made an oral contract with the defendant by which
defendant was to manufacture and deliver to the plaintiff
during the season of 1898 a large quantity of binder twine of
specified qualities, at fixed prices, and that the defendant
failed and refused to carry out the contract.   The defendant
denied that it ever entered into the contract claimed or any
contract to manufacture or deliver any specified quantity of
twine.   The action was tried before a jury, and at the close of
the evidence the court directed a verdict for the defendant,
and the plaintiff appeals.

The verdict was directed because, in the opinion of the
trial judge, there was no evidence which, upon the most favor-
able view, would have justified the jury in finding that a con-

tract such as the plaintiff claims was ever made. Careful examination of the evidence, as contained in the bill of exceptions, convinces us that the direction was right. There was much negotiation and much talk of quantities and qualities and prices, and there was also considerable correspondence, but the utmost that can be said is that there was evidently an expectation on both sides that the plaintiff would purchase his season's twine of the defendant. Neither quantity, quality, nor price was ever definitely agreed upon. A review of the evidence would be of no value.

*By the Court.*—Judgment affirmed.