GREAT NORTHERN RAILWAY COMPANY v. H. C. AKELEY.[1]

January 9, 1903.

Nos. 13,298—(137).

### Res Judicata—Principal and Surety.

Where a surety in a contract of indemnity against liens resulting from the failure of his principal, a building contractor, to pay debts incurred in the construction of a building, is notified of an action against the obligee to enforce such liens, and assumes charge of and conducts the litigation to its final determination, the judgment therein is final and conclusive against him as to the nature and extent of the liability of the obligee.

[1] Reported in 92 N. W. 959.

Action in the district court for Hennepin county to recover $2,194.62, and interest, upon an indemnity bond. The case was tried before Harrison, J., who found in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*James A. Kellogg*, for appellant.

*W. E. Dodge, Rome G. Brown* and *Charles S. Albert*, for respondent.

The grounds for the motion for a new trial were as follows: (1) That the findings of fact are not justified by the evidence; (2) that the conclusions of law are not supported by the findings of fact; (3) that the conclusions of law and the decision are contrary to law; (4) errors in law occurring at the trial and excepted to by the defendant; (5) that the court erred in refusing defendant's requests for amended findings and in not finding the facts and conclusions of law and decision asked by defendant; (6) that the findings of fact and conclusions of law are not in accordance with the just rights of the defendant. These specifications of error are too general and cannot be considered. Laws 1901, c. 113. See Supreme Court Rule IX; Hughes v. Meehan, 84 Minn. 226; Adams v. City of Thief River Falls, 84 Minn. 30; Mann v. Lamb, 83 Minn. 14; Rossman v. Mitchell, 73 Minn. 198; Guthier v. Minneapolis & St. L. R. Co., 87 Minn. 355; American Express Co. v. Piatt, 51 Minn. 568; Watts v. Howard, 70 Minn. 122; Butler-Ryan Co. v. Silvey, 79 Minn. 507; First Nat. Bank v. Holan, 63 Minn. 525; Keough v. Wendelschafer, 73 Minn. 352; Ingalls v. Oberg, 70 Minn. 102. Neither under the former practice nor under the present practice, as fixed by chapter 113 of the Laws of 1901, can errors under a refusal to make findings or to modify findings previously made, be urged on an appeal from an order denying a new trial, in a case where the motion to amend was made after the filing of the decision, and where, therefore, the motion to amend, and the order made upon it, are no part of the trial itself. Such errors, if any there be, can only be corrected on appeal from the judgment. Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Home Ins. Co., 64 Minn. 61; City of Winona v. Minnesota Ry. Const. Co., 27 Minn. 415; City of Winona v. Minnesota Ry. Const. Co., 29 Minn. 68.

BROWN, J.

Appeal by defendant from an order denying a new trial after trial and judgment for plaintiff.

The facts are as follows: On September 19, 1891, one Maxfield entered into a contract for the erection and construction of a depot building for the Great Northern Railway Company at Willmar, this state; said Maxfield agreeing, by his contract, to furnish all labor and material used in the construction of the same. To indemnify the railway company from any liens and claims resulting from the failure or neglect of Maxfield fully and completely to perform his contract, and to pay and discharge all debts for material used in the performance of the same, he executed to the railway company a bond conditioned accordingly, with defendant in this action as surety. Maxfield contracted with Ring & Tobin for certain materials, which were furnished by them and delivered to him on November 1, 1891. The material so furnished was put into the building, which was completed some time in February, 1892, but the architect, who had general supervision of the work, declined to accept the same because the material furnished by Ring & Tobin was not in accordance with the plans and specifications. Whereupon, on February 18, 1892, Ring & Tobin furnished other material to take the place of that which was claimed to be not in accordance with the contract. The material first furnished was removed, and that subsequently furnished put in its place. Within ninety days after this latter date, as the trial court found, Ring & Tobin duly perfected a mechanic's lien upon the building for the value of the material furnished, and for which Maxfield had failed and neglected to pay. Subsequently an action was brought to foreclose that lien, resulting in a judgment in favor of Ring & Tobin, to the effect that their claim was a valid lien; and the railway company was compelled, as a result of the action, to pay the same.

The company then brought this action upon Maxfield's bond to recover the amount so paid by them to discharge the lien. The court below found not only that the lien of Ring & Tobin was duly perfected within ninety days from the date of the last item of material furnished by them, but that, when the action to foreclose

the lien was commenced against the railway company, that company gave notice to defendant Akeley, surety on Maxfield's bond, of its commencement; demanding of him to defend the action in the name of the railway company, and protect the company from the claim made by Ring & Tobin. Akeley thereupon, through his attorney, appeared in the action, and relieved the defendant therein of any responsibility in reference to the litigation, and thereafter conducted the same to its final determination. As already stated, the litigation resulted in a judgment against the railway company, and the lien was adjudged valid and enforceable.

It becomes necessary to determine but one question in the case, and that arises from the finding of the trial court to the effect that defendant, Akeley, Maxfield's surety on the bond of indemnity, was notified of the action to foreclose the lien, and assume charge of the defense for the railway company, and conducted it to its final determination. If the finding of the court in this respect is sustained by the evidence, it disposes of the case adversely to defendant, and the consideration of any other question is unnecessary. That the finding is sustained is clear. There is practically no controversy but that Akeley was notified of the pendency of the action to foreclose the lien, and no dispute but that his attorney assumed charge of the action, and conducted it to its final determination. That being so, it necessarily follows that the judgment rendered in that action, confirming Ring & Tobin's right to a lien and enforcing it, is final and conclusive in this action; and the merits of that controversy, as between Akeley and this plaintiff, were there finally and conclusively determined. The contention of appellant that because the lien statement of Ring & Tobin was not filed, as required by statute, within ninety days from the date the material was originally furnished by them, they lost their right to a lien, and the mere fact that a part of the material so furnished was subsequently replaced by other material, did not revive their right to perfect a lien for the original contract price, is immaterial and not important, in view of the fact that the question was determined against appellant in the action to foreclose the lien.

The law applicable to indemnity contracts of this kind cannot be stated with greater clearness than is found in 16 Am. & Eng. Enc. (2d Ed.) 180. It is there said that it is not necessary, in order to entitle the indemnitee to maintain an action upon a general promise of indemnity against damages or liability, that he should give the indemnitor notice of the action or suit in which the judgment against the indemnitee, upon which the breach is predicated, was rendered. But where the indemnitor actually receives notice of the action, and has an opportunity to defend the same, the judgment rendered therein against the indemnitee is conclusive on the indemnitor as to the extent, as well as the existence, of the liability of the indemnitee. In the absence of such notice, the judgment is merely prima facie evidence of the liability of the indemnitor. Where notice is given, and an opportunity afforded to defend the action, the judgment is conclusive. Hersey v. Long, 30 Minn. 114, 14 N. W. 508; Reed v. McGregor, 62 Minn. 94, 64 N. W. 88; Showers v. Wadsworth, 81 Cal. 270, 22 Pac. 663; Train v. Gold, 5 Pick. 379; Stewart v. Thomas, 45 Mo. 42; Mayor v. Brady, 70 Hun, 250, 24 N. Y. Supp. 296; Hart v. Messenger, 46 N. Y. 253.

And particularly is the judgment conclusive against the indemnitor when, as in the case at bar, he actually takes charge of the litigation involving the liability of the indemnitee. Village v. First National, 96 N. Y. 550; Davis v. Smith, 79 Me. 351, 10 Atl. 55; Harding v. Larkin, 41 Ill. 413; Jennings v. Sheldon, 44 Mich. 92, 6 N. W. 96. For a very full and clear discussion of this subject, attention is called to an article by Judge Corliss, of North Dakota, in 38 Alb. L. J. 507, where a large number of the authorities are collected, and many of them analyzed. There is no doubt as to the soundness of this proposition of law, and the authorities are practically uniform upon the point. It is conclusive against the position assumed by defendant at this time, and precludes him from asserting that the Ring & Tobin claim was not a valid claim against the railway company.

Order affirmed.