YOUNG et al. v. BANK OF MIAMI.
(No. 754.) †

(Court of Civil Appeals of Texas. Amarillo.
April 3, 1915. Rehearing Denied
April 24, 1915.)

1. PLEADING ⊂⇒228—EXCEPTION—PLEADINGS CONSIDERED.

In an action on a guaranty, where plaintiff alleged that defendants were parties or privies to a former judgment and were concluded thereby and excepted to the part of the answer relating to the effect of such former judgment, and wherein defendants admitted the allegations of the petition, except as to the former judgment, as to which it was alleged that they were in no wise a party thereto, such allegation was but a conclusion of law, and the fact stated in the petition was admitted, so that the petition was properly considered by the trial court, though, upon exceptions to the answer, the rule is that defendant's pleadings alone are to be considered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. ⊂⇒228.]

2. GUARANTY ⊂⇒79 — JUDGMENT — CONCLUSIVENESS—PARTIES.

Where defendants sold their bank with a certain note due and guaranteed the collection of the note when reduced to judgment and reserved in their guaranty contract, a right to select an attorney to prosecute the note to judgment, and, under such reservation, selected an attorney who, under their direction, brought suit in the name of the plaintiff and prosecuted the note to judgment, they were privies at least, and in fact were parties with a beneficial interest in the judgment, which was conclusive as to them.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 93; Dec. Dig. ⊂⇒79.]

3. GUARANTY ⊂⇒82—SUIT AGAINST PRINCIPAL—PARTIES.

Guarantors are bound by a separate contract to that of their principal, and cannot, as a rule, be made parties in a suit against him.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 97; Dec. Dig. ⊂⇒82.]

4. JUDGMENT ⊂⇒624—BAR—PARTIES.

It is not always necessary that the parties to two suits should be nominally the same in order that one may bar another, but it is generally sufficient if they are substantially the same in interest.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1139; Dec. Dig. ⊂⇒624.]

5. GUARANTY ⊂⇒79—JUDGMENT—COLLATERAL ATTACK.

The sellers of a bank with a note due it, who guaranteed its collection when reduced to judgment in a suit by their attorney and under their direction, had the opportunity of applying to the court entering the judgment against their principal to open or vacate it, and, being privies, had a right to prosecute an action in that court to defeat the fraud of the assignee and the principal, and, by reason of their right to an assignment of the judgment, might have filed a bill in that court to set aside the judgment, and, not having done so, could not, when sued on the judgment, collaterally attack it.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 93; Dec. Dig. ⊂⇒79.]

6. JUDGMENT ⊂⇒514—VALIDITY—FRAUD.

As between parties and privies, a judgment obtained by fraud is not absolutely void, but voidable.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 956; Dec. Dig. ⊂⇒514.]

7. PRINCIPAL AND AGENT ⊂⇒115—ACTS OF AGENT—REPRESENTATIONS.

Where defendants had sold their bank and a note due it and had guaranteed its collection, reserving control over its reduction to judgment, and the plaintiff, when it purchased the note and took the guaranty, had no knowledge that a certain person was liable on the note, his representations that the note was good and collectible was made individually and not in the interest of, or as agent for, plaintiff, and did not bind the plaintiff.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 339–343; Dec. Dig. ⊂⇒115.]

8. GUARANTY ⊂⇒79 — CONCLUSIVENESS OF JUDGMENT—PRINCIPAL AND GUARANTOR.

In such case, where the guarantors, who had direction of a suit to reduce the note to judgment preparatory to taking an assignment of the judgment, in the absence of any allegation that they did not know of the postponement of the collection of the note or of such party's misrepresentation as to the maker's financial standing, were concluded by the judgment entered on the note from setting up such postponement and misrepresentation to defeat their liability.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 93; Dec. Dig. ⊂⇒79.]

Appeal from District Court, Hemphill County; F. P. Greever, Judge.

Action by the Bank of Miami against D. J. Young, W. S. Martin, and others. Judgment for plaintiff, and defendants, except Martin, appeal. Affirmed.

See, also, 161 S. W. 436.

Hoover & Dial, of Canadian, and C. Coffee, of Miami, for appellants. J. A. Holmes, of Miami, and B. M. Baker, of Canadian, for appellee.

HUFF, C. J. The appellees instituted this suit as a partnership under the partnership name of the Bank of Miami, against the appellants, D. J. Young, Robert Moody, Thomas F. Moody, and W. S. Martin, the latter of whom is not appealing in this case. This suit is based upon a contract between appellants and appellee executed on the 21st day of September, 1912, in which contract it is alleged that appellees purchased from appellants the Bank of Miami, together with all of its assets, books, notes, accounts, etc.

The appellants answered the petition of appellees by general and special exceptions, general and special answers, consisting of several paragraphs. The appellees, by exception, urged to paragraphs 3, 4, 5, and 6 of subdivision 3 of appellants' answer on the ground that the matters therein alleged had been concluded by a certain judgment in the district court of Roberts county The trial court sustained these several exceptions and struck out the paragraphs so excepted to. It appears that the appellants on the day that these exceptions were acted upon, had filed their admission in writing of the appellee's cause of action, as set out in their petition, subject to matters alleged in their

answer under rule 31 (142 S. W. xx) for the district courts. The parties entered into an agreement eliminating all matters, except that set out in paragraph 5 of the agreement, in which it is agreed:

"That the only issue to be determined by the court is as to the liability of defendants D. J. Young, Robert Moody, and Thomas F. Moody on the H. J. Newman, R. F. Gilman, and L. G. Dana judgment, set out in the various paragraphs of plaintiff's original petition; and it is agreed that, in determining the same, the attorney's fees included in said judgment is to be abandoned, it being understood and agreed that the judgment was taken by H. E. Hoover and J. C. Dial, and that they released the plaintiff from all the liability for attorney's fees, and that, should the court hold these defendants liable upon said judgment in any sum, then in fixing the amount of liability the amount of actual attorney's fees included in the judgment shall be deducted therefrom."

The court rendered judgment in accordance with agreement after having sustained the exceptions to the answers heretofore mentioned by us, reciting the admission of plaintiff's cause of action as filed in the case before trial. Nineteen-twentieths of the amount rendered is against Young, Robert, and Thomas Moody and one-twentieth of the amount is against W. S. Martin.

It will not, we think, be necessary to consider each assignment separately, as all the exceptions to the answer present the same grounds to each paragraph; that is, that the judgment obtained in Roberts county in the case of Bank of Miami v. Martin and others is conclusive of the matters alleged by appellants in their answer, for the reason that appellants were privies thereto, if not parties. In paragraph 1 of the answer appellant admits the allegations in paragraph 1 of appellees' petition as being substantially correct, except as applied in this case, will be shown in defendants' special answer thereto to follow this subdivision of the answer; and in their second paragraph they admit the matters set out in the second paragraph of plaintiff's petition, "with the limitations expressed in paragraph 1 above, admit the allegations in paragraph 2 of said petition." The sixth paragraph of subdivision 3 of the answer of appellants alleges, as a bar to the recovery on the judgment, that the suit was instituted and prosecuted by appellee and through its fraud permitted W. S. Martin to escape liability thereon; "that these defendants could not avail themselves of the fraud in said suit because they were in no wise a party thereto." Then follows the allegations of acts alleged as fraud in obtaining the judgment. The petition of appellees alleges in the first paragraph that on the 21st day of September, 1912, appellants and W. S. Martin were engaged in a general banking business, and that on that day appellees bought the bank business from appellants and Martin, including the note which was reduced to judgment and the subject-matter of this suit, paying therefor a valuable consideration, and that the par-

ties entered into a written contract and agreement with reference thereto, which included an obligation of the defendants to guarantee payment of all the notes, etc., at that time due the bank of Miami, which was the partnership name of appellants at the time of the sale. The consideration therefor was the purchase price paid by appellee for the banking business, which was subject to the condition:

"That all notes, etc., due and to become due said bank, were to be collected by the newly organized bank in so far as collections could be made by notice to and demand on the debtors; and when collections could not be made in that way the newly organized bank was to turn the notes, overdrafts, etc., not then collected, to an attorney selected by D. J. Young, one of the defendants, said attorney to sue upon the same in the name of said newly organized bank, reduce the same to judgment, and, if possible, collect by execution. If collections could not thus be made, then defendants were to pay plaintiff the money due on all uncollected notes or the amount of said judgment or said overdrafts, etc., paying same, if the judgments, on a proper transfer of the judgments to them, and paying all in the ratio as follows: Defendants Young and Robert and Thomas F. Moody were to pay nineteen-twentieths of such demand and Martin one-twentieth thereof."

The second paragraph alleged:

"That, in the performance of its duty under said contract, it placed in the hands of the attorney to receive the same, appointed and selected under the contract by defendant Young, to wit, H. E. Hoover, a note covered by said contract of guaranty hereinabove mentioned on H. J. Newman, R. F. Gilman, and L. G. Dana, for the sum of $3,578.90, with interest at 10 per cent. per annum from July 8, 1911, and said Hoover instituted suit thereon in the name of said newly organized bank, in the district court of Roberts county, Tex., and recovered judgment thereon in said court for the sum of $4,790.14, on the 17th day of September, 1913."

And it further alleged the issuance of an execution, the failure to collect thereby, and the impossibility to collect at all times; that appellees prepared a duly executed transfer of the judgment to appellants under the terms of the contract; and that appellants refused to pay in accordance with the guaranty. Upon exceptions presented by appellee to the effect that the appellants, being privies to the judgment, if not parties in the suit, set out in the petition, were concluded from setting up the facts alleged in paragraphs 3, 4, 5, and 6 of subdivision 3 of appellants' answer, the trial court struck out that part of said answer above mentioned upon said exceptions, to which action of the court appellants present several assignments of error.

This action of the court is the only issue presented for our determination. If the facts, as alleged in plaintiff's petition, are sufficient to render the appellants privies or parties to the judgment, then we think the action of the court was correct.

[1] The appellants, however, insist that, upon exception, the pleadings of the defendant should be looked to alone, and that the petition cannot be taken into consideration in passing upon the exceptions. This is or-

dinarily correct, as we understand the rule. It will be observed, however, that in paragraphs 1 and 2 of appellants' answer they admitted the provisions above set out in the plaintiff's petition, except as applied to the case, to be thereafter shown by the answer. There is a general allegation in the answer of appellants "that they were in no wise a party thereto" (meaning the judgment). This is but an allegation of a conclusion of law. The facts stated in the petition are not controverted but admitted. This being true, we think the petition was properly taken into consideration by the trial court.

[2] We think the fact that appellants had sold the note and guaranteed its collectibility, when reduced to judgment, and reserving in their guaranty contract the right to select an attorney to prosecute the debt to judgment, and having, under that stipulation of the contract so reserved by them, selected such an attorney who, under their directions, did bring suit in the name of the new bank (appellee), and prosecuted to judgment the debt, became privies at least, and were in fact parties with a beneficial interest in the judgment. Such judgment, we believe, concludes the issues sought to be presented in the answer stricken out by the trial court. Hartford, etc., v. King, 31 Tex. Civ. App. 636, 73 S. W. 71; Estey v. Luther, 142 S. W. 649; Great Northern Railway Co. v. Akeley, 88 Minn. 237, 92 N. W. 959; Drummond v. Prestman, 12 Wheat. 515, 6 L. Ed. 712; Black on Judgments, vol. 2, §§ 573, 574, 586; Carroll v. Nodine, 41 Or. 412, 69 Pac. 51, 93 Am. St. Rep. 743.

Appellant quotes from Glasscock v. Hamilton, 62 Tex. at page 163, an expression as if made by that court. That quotation was made by the Supreme Court from Moss v. McCullough, 5 Hill (N. Y.) 134:

"The surety is bound by the acts in pais of the principal or his agents, but is neither bound nor touched by any judicial proceeding to which the principal alone is a party; nay, says Jackson v. Griswold, even though he actually participate in the prosecution or defense, unless he be a party to the record."

In Glasscock v. Hamilton, supra, the case was decided on the fact that the evidence, aside from the judgment, conclusively proves liability of the surety.

Black on Judgments, § 586, states the rule as given in the quoted cases from New York, but says:

"On the whole, the best rule which can be deduced from the authorities is that the judgment is conclusive upon the surety only in case where the principal may be considered as the former's agent in the particular transaction, and where, upon a fair construction of the contract of indemnity, it may be construed as binding the sureties to a responsibility for the conduct or result of the suit in which the judgment is rendered."

The case of Oceanic S. & L. Co. v. Compania, etc., 144 N. Y. 663, 39 N. E. 360, decided by the Court of Appeals of New York, was a suit on a judgment which had been obtained against the plaintiff in consequence of negligence by the defendant. While the defendant was in possession of a certain pier, which it had leased from plaintiff, a third party was injured by the falling of a large door. He sued the plaintiff for damages. After suit by the injured party, plaintiff notified defendant of the suit in which the attorney for plaintiff wrote defendant that they had advised their client that defendant was liable; that they would be glad of defendant's assistance in the trial of the case. The defendant did not appear in the damage suit. The court said in that case that:

"No particular form of words is necessary in order to constitute notice in such cases, nor is it even necessary to give a written notice. It is sufficient that the party against whom ultimate liability is claimed is fully and fairly informed of that claim, and that the action is pending, with full opportunity to defend or participate in the defense. If he then neglects or refuses to make any defense he may have, the judgment will bind him in the same way and to the same extent as if he had been made a party to the record."

It has been frequently held in this state that warrantors of title, both of real and personal property, may be brought in to defend the suit, and that, upon notice to do so, they will be bound by the judgment. Legg v. McNeill, 2 Tex. 428; Garrett v. Gaines, 6 Tex. 435; Frey v. Railway, 86 Tex. 465, 25 S. W. 609. Indemnitors on the bond to a sheriff may be made liable upon notice to defend (Cabell v. Hamilton, etc., 81 Tex. 104, 16 S. W. 811; Stevens v. Wolf, 77 Tex. 215, 14 S. W. 29); and, when such indemnitors have notice and fail to appear, the judgment is conclusive (Illies v. Fitzgerald, 11 Tex. 417; McCosland v. David, 22 Tex. Civ. App. 53, 54 S. W. 404). We cite these authorities on the question as to who are privies or parties to the judgment.

[3] We, of course, recognize the rule that guarantors are bound by a separate contract to that of their principal, and cannot, as a rule, be made parties in a suit against the principal (see authorities cited in Young v. Bank of Miami, 161 S. W. 436); but if, by the contract, the guarantor reserves to himself the right to select the attorney to prosecute the case to judgment, and under this right he does so for the purpose of protecting his rights and interest and in order to fix his ultimate liability, we can see no reason why he should not be treated as a party with an interest in the suit, and as a privy therein in the true sense of the word, even though the suit is in the name of another. Appellants do not appear as parties defendant, but appear as a party plaintiff, and were the active plaintiffs and agents in the procurement of the very judgment which they now seek to vacate. If the appellees, in suing the principal on the note, had sought to make appellants parties, they might have been dismissed on exceptions because of

misjoinder; but, if they remain in, certainly they would have been parties to the judgment. The allegations show that appellants, through their attorneys, instituted the suit in the name of the appellees. In the case of Great Northern v. Akeley, 88 Minn. 237, 92 N. W. 559, the sureties on a contractor's bond, who had failed to comply with the terms of his contract, with reference to discharging liens, in a suit against the contractors, by the owner of the property, the sureties were notified of the suit and appeared and defended the same, through their attorney. It was held in that case that the judgment was conclusive against the sureties, and that they could not set up the fact in a suit against them by the owner of the property that there was in fact no lien against the property, and that for that reason they were not liable under the bond. In Brown v. French, 3 Tex. Civ. App. 445, 22 S. W. 581, it is said:

"The general rule upon this subject may be stated that, when it appears from the terms of the obligation that the surety has contracted to become bound by a judgment that has been or may be rendered against his principal, it is conclusive against him, although he was not a party to the suit in which the judgment was obtained."

In the case of Estey v. Luther, 142 S. W. 649, in which a judgment lien debtor advised and requested his vendee of certain land which he sold after the lien attached to bring suit to remove cloud, it was held that Luther, the judgment debtor, was a party to the suit and judgment, though not in fact named in the original suit. An equitable assignee of a chose in action is estopped by the verdict and judgment therein in the same manner as if he were a party to the record.

[4] It is not always necessary that the parties to the two suits should be nominally the same in order that one recovery may bar another; it is generally sufficient if they are really and substantially in interest the same. Black on Judgments, §§ 534, 537.

[5, 6] Having determined that appellants were not strangers to the judgment rendered in Roberts county against their principal, they cannot attack the judgment collaterally. They having had an opportunity to apply to the court entering the judgment to open or vacate it, they should have done so, and cannot resort to a collateral attack. Black on Judgments, vol. 1, § 260. It is alleged by appellants that judgment discharging Martin in the district court of Roberts county was had upon the fraud and collusion of appellees, Martin and the attorneys of appellees. If this is true, appellants were privies to the proceedings, and had then the right to set up their interest and to prosecute an action in that court to defeat such action of appellees and Martin. As between parties and privies, a judgment obtained by fraud is not absolutely void, but voidable, subject to be set aside in direct proceedings brought for that purpose. Murchison v. White, 54 Tex. 78. It is their business

175 S.W.—70

to see that it was not so obtained. Sanger Bros. v. Trammell, 66 Tex. 361, 1 S. W. 378. If the fraud occurred in obtaining the judgment, appellants were, under the contract, an equitable assignee of the indebtedness, and would have had the right, we think, to have filed a bill in equity in that court to set aside the judgment so obtained, even if they could not have appeared and answered thereto in the trial. When Martin set up he was not liable on the notes sued on in the Roberts county case, and the attorney for Martin, whom it is alleged was one of the appellees, asked that Martin be dismissed from the case, it was then evident to appellants, if their allegations are true, that the parties were trying to defeat a judgment against Martin. It was appellants' duty to there urge, as we think they could have done, their rights and to have the debt established against Martin by judgment, which they had contracted should be transferred to them. We think they were guilty of such negligence and laches that they are not now entitled to relief; if they are, it is in the court where the judgment assailed was rendered. Estey v. Luther, 142 S. W. 649.

In the fourth and fifth paragraphs of the answer of appellants, it is alleged that Martin and appellees refused to push the collection on the notes, and their conduct was such that it amounted to an agreement to extend the time of payment of the notes, and was against the terms of the contract of appellants, which it set out in the answer.

[7] It is also alleged that Martin represented to appellees the note to be good and collectible, and that they relied upon such representations. The appellees, with reference to this note, would not have been bound by Martin's representations, for the reason, if the allegations are true, Martin was personally liable thereon, although he had not signed the note, and there was, so far as the face of the note was concerned, no evidence of his liability. Whether he was the agent of appellees or appellants, he was then acting individually and not for appellees. There is no allegation that the appellees, when they purchased the notes from appellants, or when they took the guaranty contract, had any knowledge that Martin was liable on the note. His representations with reference to this note were not therefore made in the interest of appellees and in the capacity of agent for appellees, and should not bind them. Irvine v. Grady, 85 Tex. 120, 19 S. W. 1028; Teagarden v. Godley, 105 Tex. 616, 154 S. W. 973.

[8] If this is not true, we think nevertheless the appellants came into the case in the district court to reduce the claim to judgment, preparatory to taking an assignment thereof, and that in the absence of an allegation that they did not know of the postponement of the collection of the claim or of Martin's misrepresentation as to the financial

standing of the makers of the note, at the time suit was instituted on the note in Roberts county, we think they should be held to have elected to respond to the terms of the contract, and should be concluded by the judgment from going behind it. If it had refused to appoint an attorney to reduce the note to judgment, and refused to be bound by the contract because of the conduct of appellees and misrepresentations by Martin, in procuring the contract, they would be in a different situation; but, having affirmed the contract with knowledge of the facts by causing judgment to be entered, we think they should not set up such antecedent claims to defeat the contract.

We do not believe the allegation in the answer, with reference to fraud, to be good on general exceptions, and for that reason the court properly struck it out.

We find no error in the action of the court, and the judgment will be affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes