COLUMBIA CASUALTY Co. v. MARGARET LOUISE HARE, *et vir.*

156 So. 370.
Opinion Filed July 30, 1934.
Petition for Rehearing Denied Sept. 13, 1934.

*William C. Brooke,* for Plaintiff in Error.

. *Bradley & Wohle,* for Defendants in Error.

BUFORD, J.—The writ of error in this case is to review a judgment in favor of the defendants in error against the plaintiff in error.

These parties will be hereinafter referred to, the defendants in error as the plaintiffs, and the plaintiffs in error as the Surety Company.

John H. Bull Company, Inc., was a contractor performing certain alterations and repairs on a building known as the Equitable Building. Bridwell was alleged to be an independent contractor doing some work on the same building. While the work was in progress some pieces of stone or hard mortar fell from the building where joints were being chiseled out to the sidewalk below. Margaret Louise Hare, passing along the sidewalk, stepped on a particle of the mortar, fell and sustained injuries. At that time a policy of insurance which had been issued to John H. Bull Co., Inc., by the surety company was in full force and effect. The material obligations of the policy of indemnity insurance were as follows:

"DOES HEREBY AGREE with the assured named and described as such in the Declarations forming a part hereof, respecting accidental bodily injuries including death at any time resulting therefrom, as follows:

"1. To INSURE the assured against loss by reason of the liability imposed by law upon the Assured for damages on account of such injuries, and to pay and satisfy judgments finally establishing Assured's liability in actions defended by the Company, all subject to the limits expressed in Paragraph 9 of the Declaration;

"2. To INVESTIGATE accidents involving such injuries, to negotiate all claims made as may be deemed expedient by

the Company, and to defend suits for damages, even if groundless, brought on account of such injuries in the name and on behalf of the Assured, unless or until the Company shall elect to effect settlement thereof;

"3. To PAY (a) all costs taxed against the Assured in any legal proceeding defended by the Company according to the foregoing paragraph, and interest accruing up to the date of payment by the Company upon the Company's share of the judgment rendered in connection therewith, (b) all premium charges on attachment or appeal bonds required in such legal proceedings, (c) all expenses incurred by the Company for investigation, negotiation and defense; and

"4. To REIMBURSE the Assured for the expense incurred in providing such immediate surgical and medical relief as is imperative at the time of the accident.

"5. THE FOREGOING AGREEMENTS SHALL APPLY only to such bodily injuries as are sustained or alleged to have been sustained during the policy period defined in said Declaration by any person, not employed by the Assured, as the result of an accident:

"(a) occurring on or about the premises described in Declaration 4 while used or occupied by the Assured for the purpose of conducting the business or work described in Declaration 5, or

"(b) caused by the Assured's employees, who are employed in the Assured's business or work conducted at said premises, while such employees are engaged elsewhere in performing their duties, but excluding erection, installation or repair work and the demonstration of mechanical devices unless specifically covered in Declaration 5.

"Said agreements are made in consideration of the Declarations forming a part hereof and the payment of the premium herein provided.

"THE FOREGOING AGREEMENTS ARE SUBJECT TO · THE FOLLOWING CONDITIONS:

"Limits of Liability.

"A.   The Company's liability to one or all Assured under the provisions of Paragraph 1 of the Insuring Agreements is limited to the amounts and as expressed in Declaration 9, which shall be in addition to the liability assumed under paragraphs 3 and 4 of the Insuring Agreements.

"Exclusions.

"B.   THIS POLICY SHALL NOT COVER BODILY INJURIES OR DEATH AS FOLLOWS:   (1) Arising out of any work performed under a specific contract undertaken by the Assured, if a contractor, after the contract has been completed; (2) Caused by work performed for the Assured by independent contractors, provided, however, that if the Assured is not a contractor then the work of ordinary alterations and repairs as described in Declaration 5 (a), although done by contractors for the Assured, shall be covered by this Policy without additional premium charge; (3) Caused or suffered by any person or persons working for or employed by the Assured in violation of law as to age, or if there is no legal age limit, under the age of fourteen years; (4) Caused by aircraft; or by any automobile, automotive equipment, draught animal, team or other vehicle (or the loading and unloading thereof), owned or hired by the Assured, while such vehicle or equipment is being used or operated elsewhere than upon premises occupied by and under the control of the Assured or public ways immediately adjoining; (5) ·Caused by the consumption or use elsewhere than upon the premises used by the Assured or any article or product manufactured, handled or distributed by the Assured unless such article or product and the distribution thereof is specifically described in the Declarations and a premium provided therefor; (6) Caused by any ele-

vator or hoisting device (except derricks, dumbwaiters, block and tackle, and mining hoists) its shaft or hoistway or the equipment or appliances used in connection therewith; but if the Assured is a contractor this policy shall cover the use of hod or material hoists or other hoisting appliances which are incidental to the Assured's contract work covered hereby, except the bodily injuries or death sustained by any person while in or on any elevator, material hoist or other platform hoisting device, or while entering upon or alighting from such elevator or hoisting device shall not be covered unless the policy is so extended by special endorsement attached hereto."

Plaintiffs sued John H. Bull Company, Inc., and recovered a judgment. Execution being returned *nulla bona,* affidavit in garnishment was filed against the Surety Company.

The pleadings when settled presented the question as to whether or not the Surety Company was liable under its policy to John H. Bull Co., Inc., so that the plaintiffs could recover from the Surety Company the amount of the judgment against John H. Bull Company, Inc.

Jury was waived and the case was tried before the court, under the following stipulation of facts:

"1. That whereas, the court has this day entered an order striking the first rejoinder of the garnishee to the plaintiff's third replication to the garnishee's fifth answer to the writ of garnishment heretofore issued herein, said rejoinder having been entered in this cause on the 21st day of November, 1933, and said second rejoinder filed on said day having been this day withdrawn by counsel for the garnishee, both parties hereto do hereby waive the right to a trial by a jury and consent to the trial of the issues of fact and law in this cause by the Honorable John U. Bird, Circuit Judge of the Sixth Judicial Circuit, said trial to be held

forthwith upon the presentation and filing of this stipulation.

"2. That said parties further stipulate that the following facts are conceded to be true by all parties to the cause, and proof thereof is hereby waived, and the court is requested and authorized to take said facts into consideration as having been properly offered in evidence and proved at the trial of this cause:

"(a) That the declaration in this cause was based on an alleged cause of action charging the defendant, John H. Bull Company, Inc., its agents or servants, with acts of negligence on or about December 22nd, 1931, resulting in injury to the plaintiff, for which said action was instituted.

"(b) That the pleas and additional pleas in said cause specifically raised the issue that the negligence by reason of which the plaintiff was injured and brought suit was brought about and caused not by the acts of John H. Bull Company, Inc., its agents or servants, but by the acts of an independent contractor, S. F. Bridwell, and that there was no actionable negligence on the part of John H. Bull Company, Inc., its agents or servants, but that if there was any negligence causing the injuries of said plaintiff, Margaret Louise Hare, it was the negligence of said S. F. Bridwell, an independent contractor, and not the negligence of John H. Bull Company, Inc.

"(c) That issue was joined on said pleas and a trial of said, cause held on the 22nd day of May, 1933, at which time testimony was offered by plaintiff and defendant on the question, amongst others, of the existence of the independent contractorship alleged in said pleas, and whether or not the said S. F. Bridwell was an independent contractor, for whose acts the defendant was not liable, and the jury returned a general verdict for the plaintiff in the sum of $500.00, for which judgment was thereupon on said 22nd

day of May, 1933, duly entered in favor of the plaintiff and against the defendant John H. Bull Company, Inc., in the sum of $500.00 principal, plus the additional sum of $31.06 costs.

"(d) That the garnishee, the Columbia Casualty Company, did on the 2nd day of June, 1931, execute and issue to the defendant John H. Bull Company, Inc., a certain policy of insurance, a copy of which is attached to the answer of the garnishee herein, and that said policy was in full force and effect on the date of the accident alleged to have occurred in the declaration.

"(e) That upon the occurrence of said accident the defendant John H. Bull Company, Inc., gave due and proper notice thereof to the garnishee, Columbia Casualty Company, and properly requested said company to investigate said accident and to hold the said John H. Bull Company, Inc., harmless from any liability therefor, and that said Columbia Casualty Company investigated said accident, and thereupon notified the said John H. Bull Company, Inc., that it declined and refused to assume any responsibility or liability in connection therewith, for the reason, as alleged by the said Columbia Casualty Company, that the accident was caused solely by the negligence of one S. F. Bridwell, an independent contractor, and not by any act of negligence of John H. Bull Company, Inc., its agents or servants, and that such type of accident was excluded from the said policy.

"(f) That when suit was instituted because of said accident, the assured John H. Bull Company, Inc., promptly forwarded to the Columbia Casualty Company a copy of the summons served on said assured, and the said Columbia Casualty Company continued to decline and refuse to assume any liability or responsibility because of said accident, and declined and refused to defend said suit, and returned

said copy of the summons to the assured, John H. Bull Company, Inc., and did not appear in and was not represented by its attorneys in said suit.

"(g) That the Columbia Casualty Company admits that it had full and proper notice of the said accident and of the commencement and pendency of this suit arising therefrom,. and that it was requested and had ample opportunity to defend the said suit, but refused to do so, on the sole ground that the accident complained of in said suit was caused by the act of an independent contractor, S. F. Bridwell, and not by the assured, and that, therefore, said company claimed the said accident was excluded from the coverage of the said policy, and that said company was under no duty or responsibility to defend said suit or to pay any judgment obtained therein.

"(h) That the declaration in this cause, filed on April 4th, 1932, the plea filed May 2, 1932, the additional pleas filed September 13th, 1932, the joinder of issue filed on the 9th day of November, 1932, in the principal suit herein, and the copy of the policy of insurance attached to the answer of the garnishee filed September 30th, 1933, are offered and admitted· in evidence in this trial.

"(i) That nothing in this stipulation shall be construed as an admission by the Columbia Casualty Company, the garnishee, that the act of negligence on which the declaration herein is based, was caused by any act of John H. Bull Company, Inc., its agents or servants, it contending that the accident and alleged injury of the plaintiff, Margaret Louise Hare, for which she brought said action, was caused not by work of the assured John H. Bull Company, Inc., in this policy, but was caused by work performed for the assured by an independent contractor, namely, S. F. Bridwell."

There was then introduced in evidence the declaration in three counts. The pleas entered by John H. Bull Company, Inc., all of which are reviewed, or the substance stated, in the stipulation of facts. Then there was introduced the policy of insurance referred to in paragraph 8 of the stipulation of facts.

Motion was then made by the Surety Company to the court to make its findings or direct a verdict in behalf of the Surety Company. The motion was upon the following grounds:

"1. Because the evidence of the plaintiff is legally insufficient to sustain findings, decision or verdict in behalf of the plaintiff.

"2. Because there is no sufficient evidence upon which a verdict or findings or the decision of the court could be rendered to entitle the plaintiff Margaret Louise Hare to a judgment against the garnishee, Columbia Casualty Company.

"3. Because the plaintiff has not proved, by legally sufficient evidence, any debt owing by the garnishee, Columbia Casualty Company, to the defendant John H. Bull Company, Inc."

The motion was denied.

Thereupon, judgment was entered in favor of the plaintiff. Motion for new trial was made and denied. Writ of error was sued, out and the case is now before us.

The question for us to determine is whether or not the Surety Company was estopped from pleading and attempting to prove that the injury for which the plaintiff sued John H. Bull Company, Inc., was caused by an independent contractor because the Surety Company had been notified and given opportunity of defending the original suit, in which suit the declaration alleged that the injury was caused

by the negligence of John H. Bull Company, Inc., its agents, servants or employees, and which the question as to whether or not the injury was caused by the negligence of an independent contractor had been pleaded and adjudicated.

The declaration in the original suit claimed negligence by the insured, its agents and servants, in such manner as to come clearly under the terms of the policy and, therefore, the plaintiff contended, and contends, that the insurer was required to defend the suit as it was amongst the terms of the policy obligated to defend all suits coming within the protection of the policy whether groundless or not. It is further contended that the fact that the injury might in reality have been caused by an independent contractor, in which case the assured would not be liable and in which case the Surety Company would not be liable, did not justify the Surety Company in refusing to defend the suit.

This case presents a question of first impression in this State. The authorities are in conflict, but we think that the better rule is that estoppel should apply in such cases. To hold otherwise would mean that the Surety Company, when being notified of an injury and of a suit pending in which the declaration clearly charged liability against the insured and in which the pleadings presented for determination the question as to whether or not the claim is such as to come within the contract of indemnity in favor of the named defendant, may refuse to defend that suit and stand by while that issue is definitely presented and tried and then, upon judgment being entered against the defendant and the defendant being found unable to respond in damages, and execution being returned *nulla bona,* may again, when the plaintiff seeks to recover in the right of the insured under the terms of the policy from the Surety Company, present the same issues, which have been once tried and deter-

mined, for another trial and determination in the same court.

In the main suit it not only appears that the defense sought to be set up in the garnishment proceeding could have been pleaded, but that defense *was* pleaded and determined adversely to the defendant.

In the case of South Knoxville Brick Co. v. Empire State Surety Co., 126 Tenn. 402, 150 S. W. 92, the court had under consideration a case where the plaintiff in error held an indemnity policy of insurance issued by Empire State Surety Company, under which policy the company agreed, subject to certain conditions, to indemnify the insured against loss arising from claim of personal injuries received by others than its employees on the premises of the assured. The assured owned and operated a brick yard. The premises consisted of about ten acres of ground on which were situated its pits, machinery and usual equipment for the manufacture of brick. During the life of the policy a young boy was killed as the result of an accident on assured's place. The boy's father qualified as administrator and brought suit against the assured. Assured gave notice of the accident and of the suit to the Company. The Company refused to assume responsibility and denied liability. The assured employed attorneys and defended the suit. On trial, after the plaintiff's proof was introduced, motion was made for peremptory instructions against the plaintiff. The motion was granted. Appeal was taken to the Civil Court of Appeals. There judgment was affirmed, which, being reviewed on certiorari, was affirmed by the Supreme Court. The assured brought suit against the Surety Company for the amount expended as attorney's fees in defending the suit. The Surety Company resisted the suit on several grounds. One of the grounds was:

"It is further insisted, in behalf of the Company, that

this suit was groundless and that such groundless claims are not properly included within the terms of the policy, and that the Company is not liable for any damage or expense incurred in the defense thereof."

To this the Court said:

"There is no basis for this contention to be found in the language of Condition D, in which the company defines its obligations with respect to suits brought against the assured. The undertaking to defend, settle or indemnify, there assumed, applies in terms to 'any suit' 'brought against the assured to enforce a claim on account of an accident covered by this policy.' There is no limitation of liability to include only meritorious claims. This, perhaps, is a sufficient answer to the contention here made.

"We may say further, however, that this Company cannot be permitted to declare in advance of trial that a suit is groundless and, therefore, without the policy. To so hold would leave the assured helpless. The courts might reach a different conclusion from the company, and render judgment against the assured, and yet, upon the reasoning of counsel, assured would be without redress on its policy because, in the company's opinion, the suit was without merit. Under its contract, if the accident upon which the suit was based was one of those described in the policy, it was the company's duty to undertake the defense or indemnify assured. Only the courts can determine whether a particular suit is groundless. This suit was not groundless, according to the averments of the declaration. If no defense had been made, there would have been a judgment by default, and the case submitted to a jury to assess damages. The company could not have escaped liability for this judgment on the theory that it was based upon a groundless claim.

"Having failed, upon notice of the accident, to pay the assured the indemnity provided in condition A, it was the duty of the company to have settled the claim, or undertaken this defense, and shown that it was groundless upon the trial; or, having failed to do this, it is its duty to reimburse the assured for the expenses of this showing made by it for the company's benefit."

To the same effect is Greer-Robbins Co. v. Pacific Surety Co., a California case reported 174 Pac. 110, in which the Court held:

"Indemnity policy, binding insurer to defend any suit against the insured to enforce a claim for damages covered by the policy, whether groundless or not, required the insurer to defend every action in which the complaint showed a claim for damages covered by the policy, notwithstanding the suit was groundless, and was defeated, and if the insurer failed to defend it was liable to the insured for the cost and expenses of defending."

In International Indemnity Co. v. Steil, 30 Fed. (2nd Ed.) 654, the Court held:

"Judgment determining liability of insured, for damages for death resulting from use of automobile, *held* conclusive against liability insurance company as to its liability on policy, where there was no fraud or collusion in obtaining the judgment, and insurance company had timely notice of suit and elected to make no defense, in view of provisions of policy, and of Code Iowa 1924, No. 8940, permitting injured person to maintain action against insurance company for amount of judgment recovered against insured after return of execution unsatisfied, irrespective of insured's solvency."

This case is not directly in point, but it adheres to the enunciation which we have expressed.

In Edinger & Co. v. Southwestern Surety Ins. Co., 182 Ky. 340, 206 S. W. 465, in a case where an injured blacksmith by name of Humphrey recovered a judgment against the insured for injuries received from injury inflicted by a vicious animal, and the insured sought to recover indemnity for the amount of the judgment against the Surety Company. The policy exempted liability for injury from vicious animals. In this case the Court said:

"Keeping in mind the conceded and controlling fact that Humphrey was enabled to secure a judgment against Edinger & Co. only because the evidence established that the mule by which he was injured was a wild and vicious animal, and the further admitted and controlling fact that this judgment is the only basis on which Edinger & Co. can or do rest their right of recovery against the insurance company, it would appear that the very ground upon which their cause of action is rested conclusively shows that the policy contract did not indemnify Edinger & Co. against the loss they sustained on account of the injury to Humphrey; and, this being so, it would seem necessarily to follow that the claim of Edinger & Co. against the insurance company had no foundation on which to rest, and, therefore, the ruling of the trial court was correct.

"There would seem to be no escape from this conclusion if the insurance company should be treated, as it must be, as a party to the suit of Humphrey against Edinger & Co. to the same extent as if it had been a party of record, or had undertaken, as it had the right under its contract to do, the control and defense of the suit for Edinger & Co. The policy contract gave the insurance company the right to take charge of the defense for Edinger & Co. and when it was notified by them of the pendency of the action against it, and called on to defend the same, it was thereby put in

the attitude of a party to the suit, and was as much bound by the judgment as if it had been in fact a party of record."

In the case of Littleton v. Richardson, 34 N. H. 179, the Court, speaking through Mr. Justice BELL, said:

"The record of a verdict and judgment is always admissible to prove the fact that such judgment was rendered, or such verdict returned, in any case where the fact of such verdict or judgment, or the nature or amount of such judgment, becomes material. King v. Chase, 15 N. H. 1; Chamberlain v. Carlisle, 6 Foster 553; Warren v. Cochran, 2 Foster 339. For any other purpose it is not evidence against a stranger. Burrill v. West, 2 N. H. 192; Thrasher v. Haines, 2 N. H. 443; Lawrence v. Haines, 5 N. H. 33; 6 Foster 553; 7 Foster 339. But when a person is responsible over to another, either by operation of law or by express contract—2 Cowen & Hill's Notes 5—and he is duly notified of the pendency of the suit and requested to take upon him the defense of it, he is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means and advantages of controverting the claim as if he was the real and nominal party upon the record. In every such case, if due notice is given to such person, the judgment, if obtained without fraud or collusion—Coates v. Roberts, 4 Rawls 100—will be conclusive against him, whether he has appeared or not; Jackson v. Marsh, 5 Wend. 44; Beers v. Pinney, 12 Wend 309. Of every fact established by it; Thrasher v. Haines, 2 N. H. 443, and cases there cited; Warren v. Cochran, 7 Foster 342; Tarlton v. Taunton, 4 M. & S. 20; Clark v. Cannington, 7 Ala. 222; Brewster v. Countryman, 12 Wend. 446; Walker v. Ferrin, 4 Vt. 523; Belden v. Seymour, 8 Conn. 304."

In the case of Indemnity Co. of America v. Bollas, 223

Ala. 239, 135 Sou. 174, the Supreme Court of Alabama. said:

"And in such case, where the insurer assumes the obligation to defend against claims of liability, whether well grounded or not, and has notice and an opportunity to defend, whether he does so or not, the judgment obtained, without fraud or collusion, against the insured, possesses. the elements of due process of law and is conclusive upon the insurer as to all questions determined in that case that are material to a recovery in an action on the policy, such as that the damages claimed were the result of an accident, if the accident as alleged was within the time covered by the policy. Federal Automobile Ins. Assn. v. Abrams, 217 Ala. 539, 117 So. 85; 36 C. J. 1121, No. 121; 31 C. J. 461, No. 61; Metropolitan Casualty Ins. Co. v. Blue, 219 Ala. 37, 121 So. 25. See also George v. Employers Liability Assur. Corp., Ltd., 219 Ala. 307, 122 So. 175."

In Washington Gas Light Co. v. District of Columbia, 161 U. S. 316, 40 Law Ed. 712, the Supreme Court of the United States said:

"As a deduction from the recognized right to recover over, it is settled that where one having such right is sued, the judgment rendered against him is conclusive upon the person liable over, provided notice to be given to the latter and full opportunity be afforded him to defend the action. There is here no question of the sufficiency of the notice, or of the ample adequacy of the opportunity given the Gas Company to defend the suit had it elected to do so.

"In both Chicago v. Robbins, 67 U. S. 2 Black, 418 (17; 298), and Robbins v. Chicago, 71 U. S. 4 Wall, 657, (18; 427), this court, after announcing the rule as to the liability over in the language already quoted, also held that where, in the first suit proper notice was given to the party liable over, the first judgment would be conclusive against the

latter in the action to recover over. In Boston v. Worthington, 10 Gray 496, 498, 499, the language of the court in Littleton v. Richardson, 34 N. H. 187, 66 Am. Dec. 759, was as quoted and adopted.

" 'When a person is responsible over to another, either by operation of law or by express contract, and he is duly notified of the pendency of the suit, and requested to take upon him the defense of it, he is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means and advantages of controverting the claim as if he were the real and nominal party upon the record. In every such case, if due notice is given to such person, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he has appeared or not.'

"In Oceanic Steam Nav. Co. vs. Tompania Transatlantiaca Espanola, 144 N. Y. 663, 665, the rule is thus stated:

" 'It is sufficient that the party against whom ultimate liability is claimed is fully and fairly informed of the claim, and that the action is pending, with full opportunity to defend or to participate in the defense. If he then neglects or refuses to make any defense, he may have, the judgment will bind him in the same way and to the same extent as if he had been made a party to the record. Port Jervis v. First Nat. Bank, 96 N. Y. 550; Rochester v. Montgomery, 72 N. Y. 65; Albany City Sav. Inst. v. Burdick, 87 N. Y. 40, 45; Andrews v. Gillespie, 47 N. Y. 487; Heiser v. Hatch, 86 N. Y. 614.' "

See also Great Northern Rwy. v. Ackley, 88 Minn. 237, 92 N. W. 959; Middleboro Home Tele. Co. v. L. & N. Rwy. Co., 214 Ky. 822, 284 S. W. 104; Rochester v. Montgomery, 72 N. Y. 65. We might cite a great number of authorities to the same effect, but deem it unnecessary to pursue this course further. It appears that the Supreme Court of

Colorado adheres to a different rule. See Continental Casualty v. Carver, 14 Pac. 181.

In that case, however, and in other cases of like tenor which we have examined, we do not find that the courts have applied a different rule to that herein enunciated where it was necessary (as in the instant case) to the plaintiff's right of recovery in the main suit for it to be alleged and proved that the plaintiff's cause of action was such as was covered and indemnified against in the insurance contract. Here it was necessary for the plaintiff in the main suit to allege and prove that the injury was caused by negligence of the defendant, the insured, of that character and kind against which the defendant, the insured, was protected by the terms of the policy.

If the Surety Company could re-present and retry this issue upon the adjudication of which the plaintiff's right of recovery against the insured depended, then it would follow that it could re-present and retry issue presented by the pleadings in the main suit.

We do not mean to hold that the Surety Company could not have presented any defense in the garnishment proceedings which would not, if pleaded in the main suit, have constituted a bar to plaintiff's recovery of judgment.

It must be borne in mind that there is no contention that the judgment against John H. Bull Company, Inc., is *res adjudicata* as against the Surety Company. The contention is, and so we hold, that the Surety Company is estopped to deny liability in face of the judgment rendered in a suit of which it had notice and which it refused to defend when the pleadings and judgment in that case show that the defense interposed therein was the same defense which the Surety Company now attempts to set up in the garnishment proceedings and which defense, if success-

fully maintained in the main suit, would have precluded the judgment against the insured.

For the reasons stated, the judgment should be affirmed. It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., dissents.